UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=====================================

MT. HAWLEY INSURANCE COMPANY,

        Plaintiff,

                                 Civ. Action No.: _____

v.

BEACH CRUISER, LLC and
FLYWAY MANAGEMENT, LLC,

        Defendants
=====================================

## COMPLAINT FOR DECLARATORY JUDGMENT

        Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley"), by its attorneys, Delahunt Law PLLC, for its complaint for declaratory judgment alleges upon information and belief:

## JURISDICTION, PARTIES, AND VENUE

        1.      This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. section 2201.  Mt. Hawley seeks a judgment declaring that it has no duty to defend or indemnify defendant Beach Cruiser, LLC ("Beach Cruiser") or defendant Flyway Management, LLC ("Flyway") in connection with a July 23, 2022 bodily injury incident and the subsequent related underlying action captioned Humphrey vs. Beachcruiser, LLC and Flyway Management, LLC (South Carolina Court of Common Pleas, 9th Judicial Circuit, Charleston County, Case No. 2022-CP-1003959) (the "Humphrey Action") and the subsequent related claim by Jonathan Charles Slade ("the Slade Claim").

        2.      At all relevant times, Mt. Hawley was an Illinois corporation with its principal place of business in Illinois.

3.     At all relevant times, Mt. Hawley was engaged in certain insurance business in New York State on a surplus lines basis.

4.     At all relevant times, Beach Cruiser was a limited liability company domiciled in South Carolina with its principal place of business in South Carolina.

5.     Upon information and belief, no member of Beach Cruiser is a citizen of Illinois.

6.     At all relevant times, Flyway was a limited liability company domiciled in South Carolina with its principal place of business in South Carolina.

7.     Upon information and belief, no member of Flyway is a citizen of Illinois.

8.     This court has subject matter jurisdiction pursuant to 28 U.S.C. section 1332(a)(1) based on diversity of citizenship of the parties and an amount in controversy that exceeds $75,000.

9.     Beach Cruiser and Flyway are subject to personal jurisdiction pursuant to New York General Obligations Law sections 5-1404 and 5-1402.

10.     Venue is proper in this court pursuant to 28 U.S.C. section 1391(b)(3).

## FACTS

11.     At all relevant times, Beach Cruiser was the owner of a property located at 146 President Street, Charleston, South Carolina (the "Property").

12.     Upon information and belief, at all relevant times, Flyway was engaged in the business of managing the Property on behalf of Beach Cruiser.

13.     Mt. Hawley issued Beach Cruiser a Commercial General Liability Policy (No. GGL0026067) for the period August 31, 2021 to August 31, 2022 (the "Mt. Hawley Policy"). A certified copy of the Mt. Hawley policy is attached hereto as **Exhibit 1**.

14.     Subject to all of its terms and conditions, the Mt. Hawley Policy includes coverage for bodily injury liability subject to a $1 million per-occurrence limit.

15.     The Mt. Hawley Policy's Limitation of Coverage to Designated Premises or Project endorsement states:

> This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:
>
> 1.     The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those Premises; or
>
> 2.     The project shown in the Schedule.

16.     The endorsement's Schedule does not list any projects.   For "Premises," the Schedule lists "146 President Street, Unit B, C, D, Charleston, SC, 29403," "119 Ashley Avenue, Charleston, SC, 29401," and "50 Bogard Street, Charleston, SC, 290403."

17.     Under the Mt. Hawley Policy, Flyway qualifies as an insured, but only if and while acting as Beach Cruiser's real estate manager.

18.     The Mt. Hawley Policy is subject to the Service of Suit and Conditions Endorsement, which states, in part:

> **SERVICE OF SUIT AND CONDITIONS ENDORSEMENT**
>
> **Conditions**
>
> 1.     This policy is amended to add the following Conditions:
>
> **AA.   Jurisdiction and Venue.**     It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the "Insured" shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. Any litigation commenced by any "Insured" against the Company shall be initiated in New York.  Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.
>
> **BB**.   **Choice of Law.**     All    matters    arising    hereunder including   Questions   related   to   the   validity,   interpretation,

performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).

19.     The Mt. Hawley Policy is subject to the Amended Conditions Endorsement, which states, in part:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS** is amended to add the following conditions:

A.      There is no coverage under this policy, this insurance shall not apply, and we shall have no duty to defend or indemnify any insured for any claim or "suit" alleging "bodily injury," "property damage," or "personal and advertising injury" if, at any time and regardless of intent, you or any other insured provide incorrect, false, inaccurate or incomplete information in the Application for this policy. For purposes of this endorsement, the Application(s) includes, without limitation, any application forms and any other forms, documents, or information submitted to us in connection with or relating to issuance of this policy. For purposes of this endorsement, the Application(s) is part of this policy and is incorporated herein.

20.     Beach Cruiser submitted its application for the Mt. Hawley Policy on or about September 1, 2021 (the "Application"). A copy of the Application is attached hereto as **Exhibit 2**.

21.     In connection with the issuance of the Mt. Hawley Policy and as a part of the Application, Beach Cruiser submitted a Dwelling Supplemental Application to Mt. Hawley. A copy of the Dwelling Supplemental Application is attached hereto as **Exhibit 3**.

22.     In the Dwelling Supplemental Application, Beach Cruiser answered "No" to the following question: "Any properties rented by the day or by the week?"

23.     On August 26, 2022, the Humphrey Action was commenced. A copy of the complaint in the Humphrey Action is attached hereto as **Exhibit 4**.

24.     The complaint in the Humphrey Action alleges that on July 23, 2022, an invitee of the Property, Walter Patrick Humphrey ("Humphrey"), was leaning on the handrail of the second floor balcony when the handrail fell and caused him to fall to a parking area approximately fifteen feet below and sustain injuries.

25.     The complaint in the Humphrey Action asserts causes of action for negligence and breach of warranty against Beach Cruiser and Flyway.

26.     On or about October 7, 2022, Mt. Hawley was placed on notice of the Slade Claim. A copy of the July 29, 2022 and September 7, 2022 claim letters issued by counsel for Jonathan Charles Slade is attached hereto as **Exhibit 5**.

27.     On or about August 3, 2022, Mt. Hawley was provided with first notice of the July 23, 2022 incident at issue in the Humphrey Action and the Slade Claim.  Copies of the notice documents are attached hereto as **Exhibit 6.**

28.     Following receipt of notice of the July 23, 2022 incident, Mt. Hawley learned for the first time that, contrary to the representations made by Beach Cruiser in the Application, Beach Cruiser had been renting the Property by the day or by the week via Airbnb since August 2018. Correspondence reflecting this is attached hereto as **Exhibit 7**.

29.     Mt. Hawley further learned for the first time that Beach Cruiser had rented the Property via another short-term rental service, Vrbo, on the date of the July 23, 2022 incident.

30.     Mt. Hawley issued the Mt. Hawley Policy to Beach Cruiser based on the representations made in the Application.

31.     The Application contained misrepresentations, including, but not limited to, the misrepresentation by Beach Cruiser that no properties (including the Property) were rented by the day or by the week.

32.     Beach Cruiser's misrepresentations are material as a matter of law because in the absence of such misrepresentations, Mt. Hawley would not have issued the Mt. Hawley Policy pursuant to Mt. Hawley's underwriting guidelines applicable to rental dwellings, which state that properties rented via "Airbnb, VRBO, and similar online rental operations" are ineligible risks.

## FIRST CAUSE OF ACTION

33.     Mt. Hawley re-alleges paragraphs 1 through 32 above as if fully set forth herein.

34.     Beach Cruiser's Application for the Mt. Hawley Policy contained misrepresentations, including, but not limited to, the misrepresentation by Beach Cruiser that no properties (including the Property) were rented by the day or by the week.

35.     In the absence of the misrepresentations in the Application, Mt. Hawley would not have issued the Mt. Hawley Policy pursuant to Mt. Hawley's underwriting guidelines applicable to rental dwellings, which state that properties rented via "Airbnb, VRBO, and similar online rental operations" are ineligible risks.

36.     Mt. Hawley is entitled to and demands a declaration that the Mt. Hawley policy is void *ab initio* pursuant to New York Insurance Law section 3105, and that Mt. Hawley has no obligation to defend or indemnify Beach Cruiser or Flyway in connection with the Humphrey Action, the Slade Claim, the July 23, 2022 incident at issue therein, or any other occurrence, claim, or suit that would otherwise fall within the scope of the Mt. Hawley policy.

## SECOND CAUSE OF ACTION

37.     Mt. Hawley re-alleges paragraphs 1 through 36 above as if fully set forth herein.

38.     The Mt. Hawley policy is subject to the Amended Conditions Endorsement, which states, in part:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS** is amended to add the following conditions:

A.      There is no coverage under this policy, this insurance shall not apply, and we shall have no duty to defend or indemnify any insured for any claim or "suit" alleging "bodily injury," "property damage," or "personal and advertising injury" if, at any time and regardless of intent, you or any other insured provide incorrect, false, inaccurate or incomplete information in the Application for this policy.  For purposes of this endorsement, the Application(s) includes, without limitation, any application forms and any other forms, documents, or information submitted to us in connection with or relating to issuance of this policy.  For purposes of this endorsement, the Application(s) is part of this policy and is incorporated herein.

39.     Beach Cruiser's Application for the Mt. Hawley Policy contained misrepresentations, including, but not limited to, the misrepresentation by Beach Cruiser that no properties (including the Property) were rented by the day or by the week.

40.     Pursuant to the Amended Conditions Endorsement and based on Beach Cruiser's provision of incorrect, false, inaccurate, and/or incomplete information in the Application, Mt. Hawley has no obligation to defend or indemnify Beach Cruiser or Flyway in connection with the Humphrey Action, the Slade Claim, or the July 23, 2022 incident at issue therein.

41.     Mt. Hawley is entitled to and demands judgment declaring that it has no obligation to defend or indemnify Beach Cruiser or Flyway in connection with the Humphrey Action, the Slade Claim, or the July 23, 2022 incident at issue therein.

**WHEREFORE**, Mt. Hawley demands judgment: (1) declaring that the Mt. Hawley policy is void *ab initio* pursuant to New York Insurance Law section 3105, and that Mt. Hawley has no obligation to defend or indemnify Beach Cruiser or Flyway in connection with the Humphrey Action, the Slade Claim, the July 23, 2022 incident at issue therein, or any occurrence, claim, or suit that would otherwise fall within the scope of the Mt. Hawley policy; (2) declaring that

Mt. Hawley has no obligation to defend or indemnify Beach Cruiser or Flyway in connection with the Humphrey Action, the Slade Claim, or the July 23, 2022 incident at issue therein; and (3) granting such other and further relief in Mt. Hawley's favor as the Court finds just and appropriate.

Dated:  December 7, 2022                Respectfully submitted,

                                        DELAHUNT LAW PLLC


                                        By:      _____/s/_____
                                                 Timothy E. Delahunt
                                                 Bar Roll. No. TD-2791
                                                 tdelahunt@delahuntpllc.com

                                        295 Main Street
                                        Suite 836
                                        Buffalo, New York 14201
                                        Tel: (716) 878-9178

                                        *Attorneys for plaintiff*
                                        *Mt. Hawley Insurance Company*