

September 11, 2023

**BY ECF**

Hon. Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
New York, New York 10007

      Re:      Mt. Hawley Ins. Co. v. Beach Cruiser, LLC, *et al.*
                (U.S. Dist. Ct. S.D.N.Y., Civ. Action No. 1:22-cv-10354-GHW)

                **JOINT APPLICATION FOR EXTENSION OF TIME**

      Our File:      514477

Dear Judge Woods:

This firm is counsel for plaintiff Mt. Hawley Insurance Company ("Mt. Hawley"). We are submitting this application jointly with defendants Beach Cruiser LLC ("Beach Cruiser") and Flyway Management, LLC ("Flyway") and intervenor-defendant Nationwide General Insurance Company ("Nationwide").

Pursuant to Rule 1.E of the Court's Individual Rules of Practice in Civil Cases:

**(1) the original due date**

Under the Court's Order (ECF entry No. 49; no document), the current deadline for fact discovery is September 11, 2023.

Hon. Gregory H. Woods, U.S.D.J.
September 11, 2023
Page 2



### (2) the number of previous requests for adjournment or extension of time

There has been one prior request for an extension of the deadlines set forth in the original Civil Case Management Plan and Scheduling Order (Doc. 46). The prior request came by way of a proposed stipulation by Beach Cruiser and Flyway (Doc. 48) filed on April 19, 2023 that sought, *inter alia*, to vacate their prior default. The request for extensions was made as part of and in light of the request to vacate the default. The Court so-ordered the proposed stipulation on April 21, 2023 (ECF entry No. 49).

### (3) the reason for the current request

On August 9, 2023, Mt. Hawley completed its written discovery responses by way of a voluminous production of its claim and underwriting files (and additional documents) and by responding to two sets of interrogatories. Over the course of the action, the parties have also met and conferred on multiple occasions regarding a dispute with respect to how the action should be streamlined in light of Mt. Hawley's agreement to not seek statutory rescission of the policy at issue (*e.g.*, whether an amended complaint or a stipulation of dismissal is appropriate, and, with respect to the latter, whether it should be with or without prejudice). This issue was resolved by way of a Rule 41(a)(1)(ii) Stipulation of Partial Dismissal that we filed today as a proposed stipulation and order (further discussed below). That dispute delayed the parties' ability to complete party depositions, which are expected to be taken pursuant to Rule 30(b)(6). For these reasons, and mindful of the Court's admonition that extensions of time will not liberally granted, the parties jointly and respectfully submit this request for a 60-day extension of the September 11, 2023 deadline for fact discovery (and a corresponding extension of the remaining deadlines). The parties are seeking 60 days in anticipation of the number of depositions (including potential non-party depositions) and to place the summary judgment deadlines just after the holiday season.

### (4) whether the adversary consents

This is a joint application.

### (5) proposed alternative dates

| | |
|---|---|
| Completion of fact discovery | November 10, 2023 |
| Rule 36 requests | December 8, 2023 |
| Completion of expert discovery | December 27, 2023[*] |
| Rule 26(a)(2) disclosures | November 16, 2023 |

---

[*] The parties have also met and conferred regarding whether there will be expert discovery. Reserving all rights with respect to each other, at this time, no party has retained an expert for trial.



| | |
|---|---|
| Rule 26(a)(2) disclosures (opposition) | November 30, 2023 |
| Joint status letter | January 5, 2024 |
| Status conference | On or about January 12, 2024 |
| Summary judgment motions | January 26, 2024 |

The remaining applicable dates/time restrictions in the original Civil Case Management Plan and Scheduling Order (Doc. 46) would remain in effect as set forth therein.

An amended Proposed Civil Case Management Plan incorporating the above dates is also submitted herewith.

\* \* \*

Pursuant to Rule 1.F of the Court's Individual Rules of Practice in Civil Cases, the parties jointly note the following with respect to the Stipulation of Partial Dismissal filed today (Doc. 54) as a proposed stipulation and order. In its original complaint, Mt. Hawley included a cause of action to rescind the Mt. Hawley policy at issue pursuant to New York Insurance Law section 3105. Beach Cruiser, Flyway, and Nationwide have argued that Mt. Hawley's right to rescind was waived by renewal of the policy and acceptance of premium after it became aware of the alleged misrepresentations. Mt. Hawley disagrees with this position, and issued correspondence in response. However, after internally reviewing the matter, Mt. Hawley agreed to discontinue that cause of action only. Thereafter, a dispute arose among the parties with respect to whether the dismissal would be with or without prejudice. A compromise was reached wherein it was agreed the dismissal would be with prejudice but limited to the alleged misrepresentations and underlying claims at issue (as reflected in the language of the stipulation). The parties do not dispute the Court has the authority to so-order a partial discontinuance. See, e.g., Anthem, Inc. v. Express Scripts, Inc., 2023 WL 2402783 (S.D.N.Y. March 8, 2023).

Respectfully submitted,

DELAHUNT LAW PLLC

Timothy E. Delahunt
tdelahunt@delahuntpllc.com

Hon. Gregory H. Woods, U.S.D.J.
September 11, 2023
Page 4



cc (by ECF):

Renier P. Pierantoni, Esq.
Cooper, LLC – Counselors at Law
1345 Avenue of the Americas
New York, New York 10105

Lance J. Kalik, Esq.
Jeffrey A. Beer Jr., Esq.
Riker Danzig LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962