UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==========================================

MT. HAWLEY INSURANCE COMPANY,

        Plaintiff,

v.

BEACH CRUISER, LLC and
FLYWAY MANAGEMENT, LLC,

        Defendants,

and

NATIONWIDE GENERAL
INSURANCE COMPANY,

        Intervenor Defendant.
==========================================

Civ. Action No.: 1:22-cv-10354

**RESPONSE TO INTERVENOR DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY'S SECOND REQUEST FOR PRODUCTION TO PLAINTIFF MT. HAWLEY INSURANCE COMPANY**

Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley"), by and through its attorneys, Delahunt Law PLLC, responds to Intervenor Defendant Nationwide General Insurance Company's Second Request for Production to Plaintiff Mt. Hawley Insurance Company as follows:

**GENERAL OBJECTIONS**

Mt. Hawley objects to each and every demand for the reasons stated herein as "General Objections." Each and every General Objection applies in response to each and every demand to the degree that the demand purports to require a response within the scope of each General Objection. By stating further specific objections to any demand, Mt. Hawley does not intend to waive or otherwise forgo any General Objection with respect to that demand.

Mt. Hawley's responses are made upon current knowledge and belief after reasonable investigation. Mt. Hawley reserves the right to amend and/or supplement its responses in the event that new or additional information is discovered that warrants amendment and/or supplementation, consistent with Rule 26(e) of the Federal Rules of Civil Procedure.

1. Mt. Hawley objects to the demands as they demand information and things outside the scope of discovery.

2. Mt. Hawley objects to the demands as vague and ambiguous.

3. Mt. Hawley objects to the demands as duplicative, repetitive, and/or cumulative.

4. Mt. Hawley objects to the demands as overbroad.

5. Mt. Hawley objects to the demands as unduly burdensome.

6. Mt. Hawley objects to the demands as they demand information and things that are privileged and/or protected from discovery.

7. Mt. Hawley objects to the demands as they demand information and things not in Mt. Hawley's possession, custody, or control.

8. Mt. Hawley objects to the demands as they demand information and things of public record or that are otherwise equally accessible to all parties.

## RESPONSES

**1. Complete copies of the underwriting files for any and all insurance policies or renewals of insurance policies issued to Beach Cruiser by Mt. Hawley, or by any other entity on behalf of Mt. Hawley.**

**OBJECTION:** In addition to its General Objections, Mt. Hawley objects to all demands for documents by Nationwide as any and all documents within the scope of discovery of this action will be demanded and produced between Mt. Hawley and the defendant insureds. Nationwide is a stranger to the Mt. Hawley policy, and although Nationwide was permitted to

intervene in the action, any discovery demands by Nationwide are *per se* unduly burdensome unless shown otherwise.

Mt. Hawley further objects to the demand as overbroad, duplicative, and unduly burdensome. Mt. Hawley further objects to the demand as outside the scope of discovery in that the demand relates to policies other than the sole policy at issue in this action, and because there is no dispute regarding the contents of the sole policy at issue.

**RESPONSE:** Without waiving its objections, Mt. Hawley states that it previously produced the underwriting file for Policy No. GGL0019322 issued by Mt. Hawley to Beach Cruiser, LLC and 40 Ounce Highway, LLC for the period August 31, 2020 to August 31, 2021, which is the first policy issued by Mt. Hawley to the subject insureds. See MH0808-MH1294. Mt. Hawley also previously produced the underwriting file for the policy at issue. See MH0300-MH0807.

Without waiving its objections, Mt. Hawley herewith produces the underwriting file forwarded by Bass Underwriters to Mt. Hawley for Policy No. GGL0031463 issued to Beach Cruiser, LLC and 40 Ounce Highway, LLC for the period August 31, 2022 to August 31, 2023 (see MH6000-MH6700), and additional underwriting documents for the policy maintained by Mt. Hawley (see MH6701-MH6855).

**2.     A complete copy of any written contract or agreement between Mt. Hawley and Bass Underwriters ("Bass") that authorizes Bass to issue insurance policies on Mt. Hawley's behalf including, but not limited to, any contract or agreement pursuant to which Bass was authorized to issue any insurance policy to Beach Cruiser on Mt. Hawley's behalf.**

**OBJECTION:** In addition to its General Objections, Mt. Hawley objects to all demands for documents by Nationwide as any and all documents within the scope of discovery of this action will be demanded and produced between Mt. Hawley and the defendant insureds.

Nationwide is a stranger to the Mt. Hawley policy, and although Nationwide was permitted to intervene in the action, any discovery demands by Nationwide are *per se* unduly burdensome unless shown otherwise. Mt. Hawley further objects to the demand as vague and ambiguous.

Mt. Hawley further objects to the demand as duplicative, vexatious, and outside the scope of discovery. Mt. Hawley previously advised the parties that with respect to the policy at issue in this action, Bass Underwriters was Mt. Hawley's managing general agent. Furthermore, defendants and Nationwide each were provided with a Rule 30(b)(6) witness on behalf of Mt. Hawley and were permitted to – and did – take testimony regarding the relationship between Mt. Hawley and Bass Underwriters with respect to the policy at issue. Furthermore, Mt. Hawley has not claimed or alleged that Mt. Hawley is, for purposes of this action and the policy at issue, not bound by any alleged acts or omissions by Bass Underwriters in connection with underwriting and issuance of the policy at issue. Furthermore, Bass Underwriters did not make any of the representations at issue in this action, which were made solely by defendants and their agents.

Mt. Hawley further states that no agreement between Mt. Hawley and Bass Underwriters contains any language directed to defendants or this action. Mt. Hawley's agreements with Bass Underwriters are confidential corporate documents that, as Nationwide understands, include proprietary and sensitive financial and corporate matters that have no connection whatsoever to this action. Nationwide's continuing demand for such agreements is indiscriminate and intended to harass Mt. Hawley. Furthermore, Nationwide has no interest or right to seek such materials, and consistent with that, Mt. Hawley has not made demand on Nationwide for any similar materials. Should Nationwide not abide Mt. Hawley's proper objection to the demand, Mt. Hawley shall seek all relief to which it is entitled, including a protective order, sanctions

(including, but not limited to, attorneys' fees), and disqualification of Nationwide as an intervenor in this action.

**3.     A copy of the Dwelling Supplemental Application form or forms created by Mt. Hawley.**

**OBJECTION:** In addition to its General Objections, Mt. Hawley objects to all demands for documents by Nationwide as any and all documents within the scope of discovery of this action will be demanded and produced between Mt. Hawley and the defendant insureds. Nationwide is a stranger to the Mt. Hawley policy, and although Nationwide was permitted to intervene in the action, any discovery demands by Nationwide are *per se* unduly burdensome unless shown otherwise.

Mt. Hawley further objects to the demand as vague, ambiguous, overbroad, and duplicative. Mt. Hawley further objects to the demand to the extent it demands privileged and protected information. Mt. Hawley further objects to the demand as outside the scope of discovery as there is no claim or contention that any such form was submitted in connection with the policy at issue.

**RESPONSE:** Without waiving its objections, Mt. Hawley refers to the document produced herewith. See MH6856-MH6859.

Dated:  January 25, 2024					DELAHUNT LAW PLLC


							By:	_____/s/_____
								Timothy E. Delahunt
								Bar Roll. No. TD-2791
								*tdelahunt@delahuntpllc.com*

							295 Main Street
							Suite 836
							Buffalo, New York 14203
							Tel.: (716) 878-9178

							*Attorneys for plaintiff*
							*Mt. Hawley Insurance Company*

## **CERTIFICATE OF SERVICE**

I, Timothy E. Delahunt, hereby certify that on January 25, 2024, I caused the foregoing Responses to Intervenor Defendant Nationwide General Insurance Company's Second Request for Production to Plaintiff Mt. Hawley Insurance Company on the following by electronic mail:

>Jeffrey A. Beer, Jr., Esq.
>Lucas D. Katzenmeier, Esq.
>Riker Danzig LLP
>Headquarters Plaza
>One Speedwell Avenue
>Morristown, New Jersey 07962
>jbeer@riker.com
>lkatzenmeier@riker.com

>Renier P. Pierantoni, Esq.
>Cooper, LLC
>1345 Avenue of the Americas
>Second Floor
>New York, New York 10105
>renier@cooperllc.com

Dated: January 25, 2024        DELAHUNT LAW PLLC


By:         /s/
Timothy E. Delahunt
*tdelahunt@delahuntpllc.com*
Bar Roll No. TD-2791

295 Main Street
Suite 836
Buffalo, New York 14203
Tel.: (716) 878-9178

*Attorney for plaintiff*
*Mt. Hawley Insurance Company*