UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
======================================
MT. HAWLEY INSURANCE COMPANY,

        Plaintiff,

                                              Civ. Action No.:
                                              1:22-cv-10354-GHW

v.

BEACH CRUISER, LLC and
FLYWAY MANAGEMENT, LLC,

        Defendants,

and

NATIONWIDE GENERAL
INSURANCE COMPANY,

        Intervenor Defendant.
==========================================

**MEMORANDUM OF LAW IN SUPPORT OF
MT. HAWLEY INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT**

# **TABLE OF CONTENTS**

FACTS ................................................................................................................. 1

    1. The Underlying Accident, Suit and Claim ....................................... 1

    2. The Mt. Hawley Policy .................................................................... 2

    3. The Policy Application, Quotation and Binder ............................... 3

    4. Mt. Hawley's Applicable Underwriting Guidelines ........................ 4

    5. Notice of the Underlying Accident and Mt. Hawley's Claim Investigation ..................................................................................... 5

    6. This Action ....................................................................................... 6

ARGUMENT ...................................................................................................... 8

    1. Choice of Law .................................................................................. 8

    2. Beach Cruiser's Misrepresentations Vitiate Coverage Under the Amended Conditions Endorsement ................................................ 11

CONCLUSION ................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

Berkley Assurance Co. v. MacDonald-Miller Facility Solutions, Inc.
No. 19-cv-7627, 2019 WL 6841419 (S.D.N.Y. Dec. 16, 2019) ........................................11

CBKZZ Investment LLC v. Renaissance Re Syndicate 1458 Lloyds
No. 22-cv-10672, 2024 WL 728890 (S.D.N.Y. Feb. 22, 2024) ........................................11

Dornoch Ltd. v. PBM Holdings, Inc.
666 F. Supp. 2d 366 (S.D.N.Y. 2009) ..............................................................................11

Indian Harbor Ins. Co. v. The City of San Diego
972 F. Supp. 2d 634 (S.D.N.Y. 2013) ..............................................................................11

IRB-Brasil Resseguros, S.A. v. Inepar Investments, S.A.
20 N.Y.3d 310 (2012) ..................................................................................................... 10

MHR Capital Partners LP v. Presstek, Inc.
12 N.Y.3d 640 (2009) ......................................................................................................12

Mt. Hawley Ins. Co. v. Liberato
2010 WL 2653326 (E.D.N.Y, June 25, 2010) .................................................................12

Mt. Hawley Ins. Co. v. National Builders, LLC
2009 WL 1919611 (S.D.N.Y June 20, 2009) ..................................................................12

Mt. Hawley Ins. Co. v. Van Cortland Village LLC
2011 WL 5834255 (S.D.N.Y. Nov. 18, 2011) ........................................................... 12-13

Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co.
86 N.Y.2d 685 (1995) ......................................................................................................12

Ram Krishana, Inc. v. Mt. Hawley Ins. Co.
2024 WL 1657763 (S.D.N.Y. April 17, 2024) ................................................................10

U.S. Bank National Association v. DLJ Mortgage Capital, Inc.
38 N.Y.3d 169 (2022) ......................................................................................................12

Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley") submits this memorandum of law in support of its motion for summary judgment declaring that it has no duty to defend or indemnify defendants Beach Cruiser, LLC ("Beach Cruiser") and Flyway Management, LLC ("Flyway") in connection with the underlying alleged accident at issue and the claims/suits arising from the alleged accident.

## FACTS

**1.      The Underlying Accident, Suit, and Claim**

Beach Cruiser is the owner of a residential rental property located at 146 President Street, Unit C, Charleston, South Carolina.  Flyway manages the property on behalf of Beach Cruiser. See Ex. 1.[1]  A party including Walter Patrick Humphrey ("Humphrey") and Jonathan Charles Slade ("Slade") rented the property under a "Vacation Rental Contract" through "Vrbo" from July 21 to July 24, 2022.  See Ex. 2.  Vrbo, like Airbnb, is a popular online platform for short-term vacation rentals.  See https://www.vrbo.com/about/.  On July 23, 2022, Humphrey and Slade were allegedly injured on the property when they fell from a second-floor balcony.  See Ex. 3; Ex. 4.

On August 26, 2022, Humphrey filed an action in South Carolina state court captioned Walter Patrick Humphrey vs. Beachcruiser, LLC and Flyway Management, LLC, Court of Common Pleas, Ninth Judicial Circuit, Charleston Co., South Carolina, Case No. 2022-CP-1003959.  See Ex. 3.  The Humphrey complaint alleges, in relevant part:

> 7.      On or about July 23, 2022, Walter Patrick Humphrey was an invitee of the Rental House.
>
> 8.      In the early hours on July 23, 2022, Walter Patrick Humphrey was on the second floor balcony leaning on the handrail when the approximately 10 foot handrail section from the center porch column to the right porch corner

---

[1]      The exhibits cited herein are submitted by way of the accompanying May 30, 2024 Attorney Affirmation in Support of Mt. Hawley Insurance Company's Motion for Summary Judgment.

        failed. The handrail section fell causing Humphrey to fall to the parking area approximately fifteen (15) feet below.

9. The second floor balcony had not been properly maintained or inspected by the Defendants.

10. The handrail nails were rusted out.

11. The column nails were rusted out.

12. Defendants failed to properly maintain the handrail, the column, the balcony area, and the Rental House structure.

13. Defendants knew or should have known the handrails were rusted or rusted out.

14. Defendants knew or should have known that the second floor porch was in need of repairs and maintenance because, in part, the porch floor was rotted and moldy, the nail heads were rusted, the paint was chipping away and the structure was old.

15. Defendants failed to correct the dangerous condition of the handrail, the column, the balcony area, and the structure.

16. Unbeknownst to Walter Patrick Humphrey, the Rental House was an unsafe structure at the time of his rental.

Id.

The Humphrey complaint asserts causes of action against Beach Cruiser and Flyway for negligence and breach of warranty. Id. at ¶¶ 17-26.

On July 29, 2022 and subsequent dates, counsel for Slade issued letters to Beach Cruiser and Flyway asserting a claim for Slade's alleged injuries arising from the same incident. The claim letters states, in part, that "Mr. Slade and another guest were injured when the safety railing on the porch gave way causing the two guests to fall off the porch onto the ground below." See Ex. 4.

**2.    The Mt. Hawley Policy**

Mt. Hawley issued Beach Cruiser a Commercial General Liability Policy for the period August 31, 2021 to August 31, 2022. See Ex. 5. Subject to all of its terms and conditions, the

Mt. Hawley policy includes coverage for bodily injury liability subject to a $1 million per-occurrence limit. Unit C at 146 President Street is a covered location under the policy. Id. (RGBG 670 (05/16)). Flyway also qualifies as an insured under the policy while acting as Beach Cruiser's real estate manager. Id. (CG 00 01 04 13, II.2.b).

As further discussed below, this action is directed to the Mt. Hawley policy's Amended Conditions Endorsement, which states, in relevant part:

> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS** is amended to add the following conditions:
>
> A.   There is no coverage under this policy, this insurance shall not apply, and we shall have no duty to defend or indemnify any insured for any claim or "suit" alleging "bodily injury," "property damage," or "personal and advertising injury" if, at any time and regardless of intent, you or any other insured provide incorrect, false, inaccurate or incomplete information in the Application for this policy. For purposes of this endorsement, the Application(s) includes, without limitation, any application forms and any other forms, documents, or information submitted to us in connection with or relating to issuance of this policy. For purposes of this endorsement, the Application(s) is part of this policy and is incorporated herein.

Id. (RGBG 765 (09-20)).

**3.   The Policy Application, Quotation, and Binder**

On September 1, 2021, Beach Cruiser submitted its application for the Mt. Hawley policy. See Ex. 6. The application was submitted on behalf of Beach Cruiser by USI Insurance Services ("USI"). USI is Beach Cruiser's own insurance agent/broker.[2] The application was submitted to Bass Underwriters ("Bass"). For purposes of the Mt. Hawley policy, Bass was Mt. Hawley's

---

[2]   There is no claim or dispute that USI was solely Beach Cruiser's agent. USI is not a Mt. Hawley agent. In insurance industry parlance, USI is a "retail broker."

3

managing general agent. This means that Bass was authorized to receive the application and issue the Mt. Hawley policy within Mt. Hawley's applicable underwriting guidelines.[3]

The application included a September 2, 2020 Dwelling Supplemental Application. See Ex. 8. In the Dwelling Supplemental Application, Beach Cruiser answered "No" to the following question: "Any properties rented by the day or by the week?"

In response to the application, Bass issued Beach Cruiser a quotation for a liability policy incepting on August 31, 2021 that includes 146 President Street as a covered location. See Ex. 9. The quotation lists the Amended Conditions Endorsement as an endorsement to the quoted policy. Id.

The "Rating Worksheet" created by Bass in connection with the quotation notes – consistent with the application – that the submitted risk is not a "short term or vacation rental." Ex. 10. Likewise, the Rating Worksheet states "no" to the question "[a]re any properties listed on airbnb, VRBO, or similar online rental services?" Id.

USI signed the certificate to bind coverage in response to the quotation. See Ex. 11. The policy was then issued effective August 31, 2021. See Ex. 5.

**4.    Mt. Hawley's Applicable Underwriting Guidelines**

The application, quotation, and binder set forth above were subject to, and consistent with, the applicable Mt. Hawley underwriting guidelines. The applicable guidelines are those for "Rental Dwellings." See Ex. 12. The Rental Dwelling guidelines set forth Mt. Hawley's eligible market for one to four-unit dwellings rented to others as income properties not occupied by

---

[3] The use of managing general agents in the commercial liability insurance industry is common and well understood. See https://www.irmi.com/term/insurance-definitions/managing-general-agent. In the course of this action, Mt. Hawley has been clear that for purposes of the claims and defenses between the parties to this action, Bass's actions and alleged actions will be deemed to be Mt. Hawley's. See Ex. 7 (Response to Demand No. 2).

insureds or their immediate families. Id.[4] The guidelines state, in part: "Short term rentals (less than 12 months) and vacation rentals should be referred." Id. The guidelines note the requirement of both an "Acord" application and a "Rental Dwelling Supplemental Application." Id. The "submit" category in the guidelines includes "[s]hort term or vacation rentals." Id. The "ineligible" category includes "Airbnb, VRBO, and similar online operations." Id.

**5.      Notice of the Underlying Accident and Mt. Hawley's Claim Investigation**

Mt. Hawley received first notice of the underlying accident directly from USI on August 3, 2022. The notice documents included cover emails from/within USI, a letter of representation from Humphrey's attorney, and an "Acord" notice form. See Ex. 13.

Upon receiving notice, Mt. Hawley commenced its investigation. As part of that investigation, Beach Cruiser advised Mt. Hawley that the property was one that Beach Cruiser rented through Airbnb and Vrbo (see Ex. 14), and had been rented through Vrbo on the date of the accident (see Ex. 15). Beach Cruiser also advised Mt. Hawley that the property had been rented through Airbnb/Vrbo since 2016. See Ex. 16.

In light of Beach Cruiser's provision of incorrect, false, and inaccurate information in its application regarding use of the property for short-term rentals and the fact that the property was being rented through Airbnb and Vrbo, on November 14, 2022, Mt. Hawley issued a letter advising Beach Cruiser that there is no coverage for the underlying claims pursuant to the terms of the Amended Conditions Endorsement. See Ex. 17.[5] The letter advises that Mt. Hawley will

---

[4]     The guidelines in places refer to "RLI." RLI Insurance Company is Mt. Hawley's parent company.

[5]     The letter also advised that Mt. Hawley was also rescinding the policy pursuant to New York Insurance Law section 3105. Pursuant to a so-ordered Stipulation of Partial Dismissal (Doc. 56), that cause of action is no longer a part of the action. Mt. Hawley's motion is limited to the denial of coverage pursuant to the Amended Conditions Endorsement.

participate in Beach Cruiser's defense in the Humphrey action subject to a reservation of rights to commence a declaratory judgment action. Id.⁶ This action followed, as set forth below.

**6.   This Action**

Mt. Hawley commenced this action on December 7, 2022. See Doc. 1. Consistent with the facts set forth above, the original complaint alleged, in part:

> 28. Following receipt of notice of the July 23, 2022 incident, Mt. Hawley learned for the first time that, contrary to the representations made by Beach Cruiser in the Application, Beach Cruiser had been renting the Property by the day or by the week via Airbnb since August 2018. Correspondence reflecting this is attached hereto as Exhibit 7.
>
> 29. Mt. Hawley further learned for the first time that Beach Cruiser had rented the Property via another short-term rental service, Vrbo, on the date of the July 23, 2022 incident.
>
> 30. Mt. Hawley issued the Mt. Hawley Policy to Beach Cruiser based on the representations made in the Application.
>
> 31. The Application contained misrepresentations, including, but not limited to, the misrepresentation by Beach Cruiser that no properties (including the Property) were rented by the day or by the week.
>
> 32. Beach Cruiser's misrepresentations are material as a matter of law because in the absence of such misrepresentations, Mt. Hawley would not have issued the Mt. Hawley Policy pursuant to Mt. Hawley's underwriting guidelines applicable to rental dwellings, which state that properties rented via "Airbnb, VRBO, and similar online rental operations" are ineligible risks.

Id.

---

⁶ Beach Cruiser and Flyway are insured under a CGL policy issued by Generali U.S. Branch ("Generali") that is provided through Vrbo. Flyway also has a CGL policy issued by intervenor defendant Nationwide General Insurance Company ("Nationwide"). Subject to its reservation of rights and the disposition of this action, Mt. Hawley is participating with Generali and Nationwide in providing for Beach Cruiser and Flyway's defense in Humphrey.

The original complaint asserted two causes of action. The first was for a judicial declaration that Mt. Hawley properly rescinded the Mt. Hawley policy pursuant to New York Insurance Law section 3105 based on material misrepresentations in the policy application. The second was for judgment declaring that Mt. Hawley has no obligation to defend or indemnify Beach Cruiser or Flyway in connection with the Humphrey Action, the Slade claim, or the July 23, 2022 incident at issue therein based on the same misrepresentations pursuant to the Amended Conditions Endorsement. Id.

The following day, Mt. Hawley filed an amended complaint adding a third cause of action for reimbursement of defense costs on Beach Cruiser and Flyway's behalf. See Doc. 6. Mt. Hawley is not including that cause of action in its motion for summary judgment.

On March 6, 2023 the Court issued a consent order permitting Nationwide to intervene in the action as a defendant. See Doc. 29.

As Beach Cruiser and Flyway had not appeared at that time, Mt. Hawley proceeded with filing of a motion for default judgment against those defendants. See Docs. 32, 34-37. On March 13, 2023, the Court issued an Order denying the motion without prejudice in light of Nationwide's intention to defend Mt. Hawley's causes of action on the merits. See Doc. 39.

On March 27, 2023, Nationwide filed its answer. See Doc. 44. On April 19, 2023, counsel for Beach Cruiser and Flyway filed a notice of appearance and a stipulation and proposed order setting aside Beach Cruiser and Flyway's default and granting them leave to file an answer. See Docs. 47-48. On April 21, 2023, the Court issued a text Order in ECF granting the proposed order. See Doc. 49.

On May 10, 2023, Beach Cruiser and Flyway filed an answer and a counterclaim. See Doc. 50. The counterclaim seeks, *inter alia*, judgment declaring that Mt. Hawley must defend

7

and indemnify Beach Cruiser and Flyway in connection with the underlying claims. On August 25, 2023, Mt. Hawley filed its answer to the counterclaim. See Doc. 52.

On September 11, 2023, the Court issued an Order dismissing Mt. Hawley's cause of action under New York Insurance Law section 3105 pursuant to the parties' Stipulation of Partial Dismissal pursuant to F.R.C.P. 41 (a)(1)(ii). See Doc. 56.

By and through Orders dated February 22, 2024 and April 30, 2024, the Court granted the parties leave to file motions/cross-motions for summary judgment pursuant to the deadlines and other directives therein. See Docs. 68, 70.

Mt. Hawley now makes its motion for summary judgment. As Beach Cruiser's provision of incorrect, false, and inaccurate information in its application for insurance vitiates coverage for the underlying claims pursuant to the Amended Conditions Endorsement as a matter of law, Mt. Hawley is entitled to summary judgment declaring that it has no obligation to defend or indemnify Beach Cruiser or Flyway in connection with the underlying accident and the claims/suits arising therefrom.

## ARGUMENT

**1.   Choice of Law**

The Mt. Hawley policy contains the Service of Suit and Conditions Endorsement, which states, in relevant part:

> **SERVICE OF SUIT AND CONDITIONS ENDORSEMENT**
>
> **Conditions**
>
> 1.   This policy is amended to add the following Conditions:
>
> **AA.   Jurisdiction and Venue.**   It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the "Insured" shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York,

8

> and shall comply with all the requirements necessary to give such court jurisdiction. Any litigation commenced by any "Insured" against the Company shall be initiated in New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.
>
> **BB**. **Choice of Law.** All matters arising hereunder including Questions related to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).

Ex. 5 (RIL 099 (06/19)).

This provision of the Mt. Hawley policy corresponds with the New York General Obligations law, which permits parties to qualifying contracts (including insurance policies) to agree to have contractual disputes heard in New York and decided under New York law. Title 14 of the General Obligations Law is titled "Enforceability of Clauses Respecting Choice of Law and Choice of Forum in Certain Transactions." Section 5-1401 states, in relevant part:

> The parties to any contract, agreement or undertaking, contingent or otherwise, in consideration of, or relating to any obligation arising out of a transaction covering in the aggregate not less than two hundred fifty thousand dollars, including a transaction otherwise covered by subsection (a) of section 1-301 of the uniform commercial code, may agree that the law of this state shall govern their rights and duties in whole or in part, whether or not such contract, agreement or undertaking bears a reasonable relation to this state. This section shall not apply to any contract, agreement or undertaking (a) for labor or personal services, (b) relating to any transaction for personal, family or household services, or (c) to the extent provided to the contrary in subsection (c) of section 1-301 of the uniform commercial code.

Second 5-1402 states, in relevant part:

> Notwithstanding any act which limits or affects the right of a person to maintain an action or proceeding, including, but not limited to, paragraph (b) of section thirteen hundred fourteen of the business corporation law and subdivision two of section two hundred-b of the banking law, any person may maintain an action or proceeding

9

>against a foreign corporation, non-resident, or foreign state where the action or proceeding arises out of or relates to any contract, agreement or undertaking for which a choice of New York law has been made in whole or in part pursuant to section 5-1401 and which (a) is a contract, agreement or undertaking, contingent or otherwise, in consideration of, or relating to any obligation arising out of a transaction covering in the aggregate, not less than one million dollars, and (b) which contains a provision or provisions whereby such foreign corporation or non-resident agrees to submit to the jurisdiction of the courts of this state.

"The statutes read together permit parties to select New York law to govern their contractual relationship and to avail themselves of New York courts despite lacking New York contacts." IRB-Brasil Resseguros, S.A. v. Inepar Investments, S.A., 20 N.Y.3d 310, 315 (2012).[7]

Because the Mt. Hawley policy's per-occurrence limit is $1 million, the Service of Suit and Conditions Endorsement implements sections 5-1401 and 5-1402 to have policy disputes governed by New York law and to be heard in New York, respectively. As such, Beach Cruiser and Flyway have agreed to have this action heard in New York and be decided under New York law. See Ram Krishana, Inc. v. Mt. Hawley Ins. Co., No. 22-cv-03803, 2024 WL 1657763 (S.D.N.Y. April 17, 2024) (granting Mt. Hawley's motion for partial summary judgment for the application of New York law based on a similar provision; "[i]n sum, the Policy must be construed

---

[7] The IRB Court also addressed the rationale for these provisions: "The Legislature passed the statute in 1984 in order to allow parties without New York contacts to choose New York law to govern their contracts. Prior to the enactment of section 5-1401, the Legislature feared that New York courts would not recognize 'a choice of New York law [in certain contracts] on the ground that the particular contract had insufficient "contact" or "relationship" with New York' (Sponsor's Mem, Bill Jacket, L 1984, ch 421 at 8). Instead of applying New York law, the courts would conduct a conflicts analysis and apply the law of the jurisdiction with ''the most significant relationship to the transaction and the parties'' (Zurich Ins. Co. v Shearson Lehman Hutton, 84 NY2d 309, 317 [1994] [quoting Restatement (Second) of Conflict of Laws § 188 (1)]). As a result, parties would be deterred from choosing the law of New York in their contracts, and the Legislature was concerned about how that would affect the standing of New York as a commercial and financial center (see Sponsor's Mem, Bill Jacket, L 1984, ch 421). The Sponsor's Memorandum states, 'In order to encourage the parties of significant commercial, mercantile or financial contracts to choose New York law, it is important . . . that the parties be certain that their choice of law will not be rejected by a New York Court' (id. at 8). The Legislature desired for parties with multi-jurisdictional contacts to avail themselves of New York law if they so designate in their choice-of-law provisions, in order to eliminate uncertainty and to permit the parties to choose New York's 'well-developed system of commercial jurisprudence' (id. at 7)." (brackets, ellipses, and citations in original).

10

under New York substantive law"); CBKZZ Investment LLC v. Renaissance Re Syndicate 1458 Lloyds, No. 22-cv-10672, 2024 WL 728890 (S.D.N.Y. Feb. 22, 2024) (applying New York law to a Mt. Hawley policy with a similar provision; "And under New York law, this provision means that New York law applies because 'courts should not engage in any conflicts analysis where the parties include a choice-of-law provision in their contract.'"); Berkley Assurance Co. v. MacDonald-Miller Facility Solutions, Inc., No. 19-cv-7627, 2019 WL 6841419 (S.D.N.Y. Dec. 16, 2019) (applying New York law to a liability policy containing a similar provision); Indian Harbor Ins. Co. v. The City of San Diego, 972 F. Supp. 2d 634 (S.D.N.Y. 2013).

**2.     Beach Cruiser's Misrepresentations Vitiate Coverage Under the Amended Conditions Endorsement**

As set forth above, the Amended Conditions Endorsement to the Mt. Hawley policy states:

> A.   There is no coverage under this policy, this insurance shall not apply, and we shall have no duty to defend or indemnify any insured for any claim or "suit" alleging "bodily injury," "property damage," or "personal and advertising injury" if, ***at any time and regardless of intent, you or any other insured provide incorrect, false, inaccurate or incomplete information in the Application for this policy***. For purposes of this endorsement, the Application(s) includes, without limitation, any application forms and any other forms, documents, or information submitted to us in connection with or relating to issuance of this policy. For purposes of this endorsement, the Application(s) is part of this policy and is incorporated herein.

Ex. 5 (RGBG 765 (09-20)) (emphasis added).

With respect to the Amended Conditions Endorsement, the relevant facts alleged in the amended complaint are:

> 39.   Beach Cruiser's Application for the Mt. Hawley Policy contained misrepresentations, including, but not limited to, the misrepresentation by Beach Cruiser that no properties (including the Property) were rented by the day or by the week.

11

Doc. 6.

There is no genuine issue of material fact. The Amended Conditions Endorsement in the Mt. Hawley policy provides that Mt. Hawley shall have no duty to defend or indemnify any insured for any claim or "suit" alleging "bodily injury," "if, at any time and regardless of intent, ***you or any other insured provide incorrect, false, inaccurate or incomplete information in the Application*** for this policy." As established above, Beach Cruiser provided incorrect, false, and inaccurate information in its application for the Mt. Hawley policy. Specifically, in its application, Beach Cruiser responded "No" to the following question: "Any properties rented by the day or by the week?" See Ex. 8. That response was incorrect, false, and inaccurate because, *inter alia*, Beach Cruiser and Flyway had been renting the property through Airbnb and Vrbo since 2016. See Ex. 14; Ex. 15; Ex. 16. Nor is there any dispute that the underlying accident occurred in the course of a three-day Vrbo rental of the property. See Ex. 2; Ex. 3; Ex. 4; Ex. 14; Ex. 15; Ex. 16.

Under New York law, express contractual conditions must be fully performed. See U.S. Bank National Association v. DLJ Mortgage Capital, Inc., 38 N.Y.3d 169 (2022); Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co., 86 N.Y.2d 685 (1995); MHR Capital Partners LP v. Presstek, Inc., 12 N.Y.3d 640 (2009). This includes conditions of coverage under liability insurance policies. See Mt. Hawley Ins. Co. v. National Builders, LLC, 2009 WL 1919611 (S.D.N.Y June 20, 2009) (granting Mt. Hawley summary judgment declaring no duty to defend or indemnify based on insured's failure to satisfy conditions of coverage by endorsement; "Express conditions 'must be literally complied with before [a party to the contract] may recover.'"): Mt. Hawley Ins. Co. v. Liberato, 2010 WL 2653326 (E.D.N.Y, June 25, 2010) (same; "noncompliance" renders coverage "void"); Mt. Hawley Ins. Co. v. Van Cortland Village LLC, 2011 WL 5834255 (S.D.N.Y. Nov. 18, 2011) (same; "Because it is undisputed that the Owners

12

failed to comply with the Endorsement, Mt. Hawley concludes, there is no coverage under the Mt. Hawley Policy. Mt. Hawley is right[;]" "Express conditions must be literally complied with before a party to the contract may recover.").

Accordingly, Mt. Hawley is entitled to summary judgment declaring that it has no obligation to defend or indemnify Beach Cruiser of Flyway in connection with the underlying accident and the claims/suits arising therefrom.

## CONCLUSION

For all of the foregoing reasons, Mt. Hawley is entitled to and respectfully demands summary judgment: (1) declaring that Mt. Hawley has no duty to defend or indemnify Beach Cruiser or Flyway in connection with the Humphrey action, the Slade claim, or the July 23, 2022 incident at issue; and (2) granting such other and further relief in favor of Mt. Hawley as the Court finds just and appropriate.

Dated: May 30, 2024                    Respectfully submitted,

                                             DELAHUNT LAW PLLC

                                             By:     _____s/_____

                                                   Timothy E. Delahunt
                                                   Bar Roll. No. TD-2791
                                                   *tdelahunt@delahuntpllc.com*

                                           295 Main Street
                                           Suite 836
                                           Buffalo, New York 14203
                                           Tel.: (716) 878-9178

                                           *Attorneys for plaintiff*
                                           *Mt. Hawley Insurance Company*