## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MT. HAWLEY INSURANCE COMPANY,

Plaintiff,

v.

BEACH CRUISER, LLC and FLYWAY
MANAGEMENT, LLC,

Defendants,

and

NATIONWIDE GENERAL INSURANCE
COMPANY,

Intervenor Defendant.

CIVIL ACTION NO.:  1:22-cv-10354

---

## MEMORANDUM OF LAW IN SUPPORT OF NATIONWIDE'S MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO MT. HAWLEY'S MOTION FOR SUMMARY JUDGMENT

---

RIKER DANZIG LLP
489 5th Ave, 33rd Floor
New York, NY 10017
(973) 538-0800
jbeer@riker.com
Attorneys for Intervenor-Defendant,
Nationwide General Insurance Company

Of Counsel and On the Brief:
    Jeffrey A. Beer Jr.

On the Brief:
    Lucas D. Katzenmeier

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ..........................3

      A.    The Accident and Underlying Action................................................................3

      B.    The Mt. Hawley Policy. ......................................................................................3

      C.    Underwriting for the Mt. Hawley Policy. ..........................................................4

      D.    Mt. Hawley's Denial of Coverage and Declaratory Judgment Action.............6

LEGAL ARGUMENT ..............................................................................................................8

I.      SUMMARY JUDGMENT IS APPROPRIATE...............................................................8

II.     NEW YORK INSURANCE LAW SECTION 3105 PROHIBITS MT. HAWLEY
        FROM AVOIDING ITS COVERAGE OBLIGATIONS TO BEACH CRUISER
        AND FLYWAY. ..............................................................................................................9

III.    MT. HAWLEY CANNOT SUSTAIN ITS BURDEN FOR RESCINDING OR
        DEFEATING COVERAGE UNDER INSURANCE LAW SECTION 3105. ...........11

      A.    Mt. Hawley Cannot Show That Any Alleged Misrepresentations Were
          Material..............................................................................................................12

      B.    Mt. Hawley Ratified The Policies, And Waived Any Right To Defeat
          Coverage Thereunder.........................................................................................14

      C.    Mt. Hawley Cannot Show That It Acted Promptly. ..........................................16

CONCLUSION ........................................................................................................................18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

<u>463 Saddle Up Tremont LLC v Union Mut. Fire Ins. Co.</u>,
  2021 NY Slip Op 31948[U] (N.Y. Sup. Ct. 2021), <u>aff'd</u> 166 N.Y.S.3d 520
  (N.Y. App. Div. 2022) ............................................................................................................15

<u>Admiral Indem. Co. v. Travelers Cas. & Sur. Co. of Am.</u>,
  881 F.Supp.2d 570 (S.D.N.Y. 2012)........................................................................................9

<u>Alexi Home Design, Inc. v. Union Mut. Fire Ins. Co.</u>,
  203 N.Y.S.3d 57 (N.Y. App. Div. 2024) ...........................................................12, 13, 14, 15

<u>Ambac Assurance Corp. v. Countrywide Home Loans, Inc.</u>,
  56 N.Y.S.3d 21 (N.Y. App. Div. 2017) .............................................................................9, 10

<u>Baez v. JetBlue Airways Corp.</u>,
  793 F.3d 269 (2d Cir. 2015)......................................................................................................8

<u>Ballow Brasted O'Brien & Rusin P.C. v. Logan</u>,
  435 F.3d 235 (2d Cir. 2006)....................................................................................................17

<u>Barkan v. N.Y. Sch. Ins. Reciprocal</u>,
  886 N.Y.S.2d 414 (N.Y. App. Div. 2009) ..............................................................................12

<u>Celotex Corp. v. Catrett</u>,
  477 U.S. 317 (1986)...................................................................................................................8

<u>Cont'l Cas. Co. v. Marshall Granger & Co, LLP</u>,
  6 F.Supp.3d 380 (S.D.N.Y. 2014) ..........................................................................................15

<u>Cutrone v. Am. Gen. Life Ins. Co.</u>,
  606 N.Y.S.2d 491 (N.Y. App. Div. 1993) ..............................................................................13

<u>Feldman v. Friedman</u>,
  661 N.Y.S.2d 9 (N.Y. App. Div. 1997) .............................................................................12, 13

<u>First Fin. Ins. Co. v. Allstate Interior Demolition Corp.</u>,
  193 F.3d 109 (2d Cir. 1999)...........................................................................................12, 13, 14

<u>Great Am. Ins. Co. v. Zelik</u>,
  No. 19-cv-1805 (JSR), 2020 U.S. Dist. LEXIS 5229 (S.D.N.Y. Jan. 3, 2020) ......................13

<u>GuideOne Specialty Mut. Ins. Co. v. Congregation Adas Yereim</u>,
  593 F.Supp.2d 471 (E.D.N.Y. 2009) ................................................................................14, 16

Joseph v. Interboro Ins. Co.,
    42 N.Y.S.3d 316 (N.Y. App. Div. 2016) ................................................................................9

Luria Bros. & Co., Inc. v. All. Assurance Co. Ltd.,
    780 F.2d 1082 (2d Cir. 1986)...................................................................................15, 16

MBIA Ins. Corp. v. Countrywide Home Loans, Inc.,
    963 N.Y.S.2d 21 (N.Y. App. Div. 2013) .............................................................................10

Scalia v. Equitable Life Assurance Soc'y of U.S.,
    673 N.Y.S.2d 730 (N.Y. App. Div. 1998) ....................................................................14, 16

Sompo Japan Ins. Co. v. Norfolk S. Ry. Co.,
    762 F.3d 165 (2d Cir. 2014)..................................................................................................15

Sonkin Assocs., Inc. v. Columbian Mut. Life Ins. Co.,
    541 N.Y.S.2d 611 (N.Y. App. Div. 1989) ....................................................................12, 13

State of N.Y. v. AMRO Realty Corp.,
    936 F.2d 1420 (2d Cir. 1991).............................................................................................15

United States Liab. Ins. Co. v. WW Trading Co.,
    813 F.App'x 636 (2d Cir. 2020) ..................................................................................16, 17

Vega v. Restani Constr. Corp.,
    965 N.E.2d 240 (N.Y. 2012)..............................................................................................11

Vestal v. Pontillo,
    124 N.Y.S.3d 441 (N.Y. App. Div. 2020) .........................................................................13

Zeldman v. Mut. Life Ins. Co.,
    53 N.Y.S.2d 792 (N.Y. App. Div. 1945) ............................................................................16

**Statutes**

N.Y. Insurance Law § 3105 ..............................................1, 2, 6, 7, 8, 9, 10, 11, 12, 17

**Rules**

Fed. R. Civ. P. 41(a)(1)(ii) ..................................................................................................8

Fed. R. Civ. P. 56(a) ............................................................................................................8

Local Rule 56.1 ....................................................................................................................3

## PRELIMINARY STATEMENT

Intervenor-Defendant Nationwide General Insurance Company ("Nationwide") submits this memorandum of law in support of its motion for summary judgment, and in opposition to the motion for summary judgment filed by Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley"). This motion presents a straightforward legal question for the Court's determination, namely, whether New York Insurance Law section 3105 allows Mt. Hawley to deny insurance coverage to defendants Beach Cruiser LLC ("Beach Cruiser") and Flyway Management LLC ("Flyway") in connection with an underlying personal injury action, based on an alleged misrepresentation in the insurance application that the insured property was not "rented by the day or by the month."

Insurance Law section 3105 provides that an insurer may not rescind an insurance policy *ab initio* or otherwise "defeat recovery" under a policy based on a misrepresentation unless the misrepresentation is "material" inasmuch as the insurer would not have issued the policy had it known the accurate information. New York courts have determined that a supposed misrepresentation is not material to the insurer as a matter of law if, after learning the truth, the insurer ratifies the policy by accepting or retaining premium, or renewing the policy. Courts have also determined that to comply with section 3105, an insurer has the burden of showing that it acted "promptly" when it became aware of the misrepresentation, and insurers cannot wait until after a claim is made to seek to defeat coverage based on a misrepresentation that the insurer was aware of prior to the claim.

Notwithstanding whether Mt. Hawley has, or even can, demonstrate that the subject insurance application contained a misrepresentation, Mt. Hawley's own actions after learning of the circumstances of the accident and the use of Beach Cruiser's property demonstrate that the information Mt. Hawley cites as a "misrepresentation" was not material to Mt. Hawley's decision

to issue the policy.  The documents show that Mt. Hawley's agent became aware of the use of the property as a short-term rental in February 2022, and Mt. Hawley—by its own admission—was informed of the use of the property directly by Beach Cruiser in August 2022.  But in September 2022, Mt. Hawley offered to renew the subject insurance policy by sending Beach Cruiser an invoice for the premium.  Thereafter, Mt. Hawley accepted the premium and renewed the policy.  Months later, in November 2022, Mt. Hawley denied coverage and sought to rescind the policy *ab initio*, but only for the policy term in which a claim was made.  For the prior policy and renewal policy terms, Mt. Hawley did not purport to rescind the policy, and did not offer to return the premium.

By ratifying the insurance policy (including by renewing it and retaining premium for at least two policy years), Mt. Hawley's own actions demonstrate that the supposed misrepresentation was immaterial to Mt. Hawley's decision to issue Beach Cruiser's policy as a matter of law.  Additionally, Mt. Hawley did not act "promptly" when it was informed about the use of the property as a short-term rental.  Accordingly, Mt. Hawley is not permitted by Insurance Law section 3105 to deny coverage based on the misrepresentation.

Tellingly, Mt. Hawley voluntarily dismissed the cause of action in this litigation seeking to rescind the policy, instead seeking only a declaration that it can deny coverage based on the misrepresentation under certain policy language.  The trouble for Mt. Hawley is that section 3105 applies to any attempt by an insurer to "defeat recovery" based on a misrepresentation, which is clearly what Mt. Hawley seeks to do here.  Because Mt. Hawley has not and cannot show that its denial comports with Insurance Law section 3105, Nationwide's motion for summary judgment should be granted, and Mt. Hawley's motion should be denied.

### STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY[1]

**A.    The Accident And Underlying Action.**

On or about July 23, 2022, Walter Patrick Humphrey ("Humphrey") and Jonathan Charles Slade ("Slade"), among others, were making use of a rental property that was owned by Beach Cruiser and located at 146 President Street, Unit C, Charleston, South Carolina (the "Property"). Declaration of Jeffrey A Beer Jr., Esq. dated July 8, 2024 ("Beer Decl."), Exs. A; B.  Flyway served as Beach Cruiser's property manager for the Property.  Beer Decl., Ex. C.  On July 23, 2022, Humphrey and Slade were allegedly injured at the Property when a railing they had been leaning on gave way, causing the pair to fall from a second-floor balcony (the "Accident").  Beer Decl., Exs. A; D.

On August 26, 2022, Humphrey filed an action in South Carolina state court under caption Walter Patrick Humphrey vs. Beachcruiser, LLC and Flyway Management, LLC, Court of Common Pleas, Ninth Judicial Circuit, Charleston County, South Carolina, Case No. 2022-CP-1003959 (the "Underlying Action").  Beer Decl., Ex. A.  Humphrey's complaint in the Underlying Action asserts causes of action against Beach Cruiser and Flyway for negligence and breach of warranty.  Id.  By letters dated July 29, 2022, counsel for Slade asserted claims against Beach Cruiser and Flyway for Slade's alleged injuries arising out of the same incident.  Beer Decl., Ex. D.

**B.    The Mt. Hawley Policy.**

This case primarily concerns a Commercial General Liability Policy that Mt. Hawley issued to Beach Cruiser bearing policy number GGL0026067, for the period of August 31, 2021 to August 31, 2022 (the "Mt. Hawley Policy").  Beer Decl., Ex. E.  Coverage under the Mt. Hawley

---

[1]  In support of its motion, Nationwide relies on its Local Rule 56.1 Statement of Material Facts submitted herewith.

policy is subject to a $1 million per-occurrence limit, and lists the Property as a covered location. Id. at 19–21. While acting as Beach Cruiser's real-estate manager, Flyway also qualifies as an insured under the Mt. Hawley Policy. Id. at 32.

The Mt. Hawley Policy contains a New York choice of law provision. Id. at 75.[2]

The Mt. Hawley Policy is the middle of three consecutive policies that Mt. Hawley issued to Beach Cruiser. The Policy is a renewal of an earlier insurance policy issued to Beach Cruiser under policy no. GGL0019322 for the August 31, 2020 to August 31, 2021 policy period (the "Prior Policy"). Id. at 3; Beer Decl., Ex. F. Upon expiration of the Mt. Hawley Policy on August 31, 2022, Mt. Hawley again renewed the policy under policy number GGL0031463 for the August 31, 2022 to August 31, 2023 policy period (the "Renewal Policy"). Beer Decl., Ex. G.

### C.    Underwriting For The Mt. Hawley Policy.

As Mt. Hawley readily admits, the Mt. Hawley Policy (as well as the Prior Policy and the Renewal Policy) was underwritten through Mt. Hawley's authorized agent, Bass Underwriters ("Bass"). Pb. at 4, n.3; Beer Decl., Ex. H; I at 13:4–14:21, 17:2–19:17; J at 30:2–32:12, 34:13–35:17. On or about September 1, 2021, Beach Cruiser submitted its application for the Mt. Hawley Policy through its insurance broker, USI Insurance Services ("USI"). Beer Decl., Ex. K. Beach Cruiser's application for the Mt. Hawley Policy (i.e., the policy issued for the August 31, 2021 to August 31, 2022 policy period) consisted of an Acord application form dated September 1, 2021, and a "Dwelling Supplemental Application" dated September 2, 2020. Id.; Beer Decl., Ex. L. The September 2, 2020 Dwelling Supplemental Application form submitted with Beach Cruiser's

---

[2] Point I of Mt. Hawley's brief cites to the Mt. Hawley Policy's Service of Suit and Conditions Endorsement for the proposition that New York is the correct venue for this action, and that New York law should be applied to this dispute arising out of the Mt. Hawley Policy. See Mt. Hawley's moving brief ("Pb.") at 8–11. Nationwide does not dispute, and moreover agrees, that New York is the correct venue for this action, that the Court has jurisdiction to preside over this action, and that the law of New York should apply.

application for the Mt. Hawley Policy was originally provided to Bass in the same form in connection with Beach Cruiser's application for the Prior Policy.  Beer Decl., Exs. L; I at 111:6–112:16.

In connection with Beach Cruiser's September 1, 2021 application for insurance, Bass expressed concern that new applications were needed from Beach Cruiser as those in Bass' file were "very old" and Bass was aware that "[we] don't have all the correct info."  Beer Decl., Ex. M.  Nonetheless, Bass accepted Beach Cruiser's Dwelling Supplemental Application form dated the year prior.  Beer Decl., Exs. L; I at 111:6–112:16.  As relevant to this litigation, question number three to the "Dwelling Supplemental Application" form asked Beach Cruiser "[a]re any properties rented by the day or by the week?"  Beer Decl., Ex. L.  Because the application related to Beach Cruiser's portfolio of approximately thirty properties, only three of which were rented on a daily or weekly basis, Beach Cruiser checked a box responding "No."  Id.; Beer Decl., Ex. W at ¶¶ 7–16.

As Mt. Hawley's managing general agent, Bass was authorized to receive applications for insurance on Mt. Hawley's behalf, and to issue insurance policies on Mt. Hawley's behalf without advance notice to Mt. Hawley within applicable underwriting guidelines.  Beer Decl., Exs. H; I at 13:4–14:21, 17:2–19:17; J at 30:2–32:12, 34:13–35:17.[3]

At the latest, Bass was placed on notice that Beach Cruiser was using the Property as a "short-term rental" by way of email from USI dated February 2, 2022.  Beer Decl., Ex. N.  At that time, USI contacted Bass requesting assistance updating all of Beach Cruiser's policies, including the Mt. Hawley Policy (as indicated in the subject line of USI's email) in connection with a quote

---

[3]  The Parties to this action agree that for the purposes of the claims and defenses between the parties to this action, as Mt. Hawley's managing general agent, Bass' actions and alleged actions are to be deemed Mt. Hawley's.  See Pb. at 4, n.3.

for "short-term rentals," which the USI representative expected to be "much like" Beach Cruiser already had.  Id.

Furthermore, in connection with its investigation of the Accident, Mt. Hawley corresponded with Beach Cruiser concerning Beach Cruiser's use of the Property as a short term rental in August 2022.  Beer Decl., Ex. O.  Through Bass, Mt. Hawley also obtained an inspection of the Property by Allegheny Inspections, LLC on September 20, 2022.  Beer Decl., Exs. P; Q. Among other things, the report prepared by Allegheny noted Beach Cruiser's use of the Property as a "Residential Daily Rental."  Beer Decl., Ex. Q at 2.

On or about September 8, 2022, Mt. Hawley sent Beach Cruiser an invoice in connection with the Renewal Policy.  Beer Decl., Ex. R.  On September 28, 2022, Mt. Hawley accepted payment in full in the amount of $59,148.00 from Beach Cruiser as payment of premium for the Renewal Policy.  Id.

**D.      Mt. Hawley's Denial Of Coverage And Declaratory Judgment Action.**

Approximately two months after accepting premium for the Renewal Policy, by letter addressed to Beach Cruiser and dated November 14, 2022, Mt. Hawley sought to rescind Beach Cruiser's (and by extension, Flyway's) coverage under the Mt. Hawley Policy—but not the Prior Policy or the Renewal Policy—pursuant to New York Insurance Law section 3105 for what it termed to be "material misrepresentations" made in Beach Cruiser's application for insurance. Beer Decl., Ex. S.  The "material misrepresentations" cited by Mt. Hawley was Beach Cruiser's response in the application that the Property was not "rented by the day or by the week" when the Property was used in connection with AirBnB and VRBO.  Id.

Alternatively, Mt. Hawley's letter asserted that, separate from application of New York Insurance Law section 3105, coverage under the Mt. Hawley Policy was precluded by application of endorsement RGBG 765 (09/20 ed.), the "Amended Condition Endorsement," which states, in

relevant part, that "[t]here is no coverage under this policy, this insurance shall not apply, and we shall have no duty to defend or indemnify any insured . . . if, at any time and regardless of intent, you or any other insured provide incorrect, false, inaccurate or incomplete information in the Application for this policy." Id. at 4–5.

As a condition of the rescission, Mt. Hawley's November 14, 2022 letter offered the return of Beach Cruiser's premium for the Mt. Hawley Policy in the amount of $583.00. Id. at 2. To reiterate, no such rescission letter or offer to return premium was sent by Mt. Hawley in connection with the Prior Policy or the Renewal Policy. Id.; Beer Decl., Ex. J at 48:18–49:17.

Mt. Hawley was placed on notice of the Accident in August 2022. Beer Decl., Ex. T. Mt. Hawley denied coverage and claimed that the Policy was rescinded in November 2022. Beer Decl., Ex. S. On December 7, 2022, Mt. Hawley commenced this action by way of complaint filed against Beach Cruiser and Flyway. Beer Decl., Ex. U. The next day, Mt. Hawley filed an amended complaint (the "Amended Complaint"). Beer Decl., Ex. V.

Mt. Hawley's Amended Complaint in this action asserts three causes of action against Beach Cruiser and Flyway. The first cause of action seeks a judicial declaration that the Mt. Hawley Policy is rescinded pursuant to New York Insurance Law section 3105. Id. at ¶¶ 33–36. The second cause of action seeks a declaration that Mt. Hawley has no obligation to defend or indemnify Beach Cruiser or Flyway in connection with the Underlying Action, any claim by Slade, or for the Accident because of Beach Cruiser's alleged misrepresentation in the underwriting of the Mt. Hawley Policy. Id. at ¶¶ 37–41. Mt Hawley's third cause of action in the Amended Complaint seeks reimbursement of defense costs incurred in the Underlying Action on Beach Cruiser and Flyway's behalf. Id. at ¶¶ 42–45.

By way of consent order dated March 6, 2023, the Court permitted Nationwide, as insurer for Flyway, to intervene in this declaratory judgment action as a defendant.  ECF No. 29.  Nationwide filed its answer in this action on March 27, 2023.  ECF No. 44.  On May 10, 2023, Beach Cruiser and Flyway filed an answer.  ECF No. 50.

By stipulation dated September 11, 2023, Mt. Hawley voluntarily dismissed the cause of action in the Amended Complaint seeking a declaration that the Policy was rescinded under New York Insurance Law section 3105, pursuant to Fed R. Civ. P. 41(a)(1)(ii), which the Court so-ordered the same day.  ECF Nos. 54, 56.

By Order dated April 30, 2024, the Court granted the parties leave to file dispositive motions, and endorsed the parties' proposal for a briefing schedule.  ECF No. 70.  Pursuant to that schedule, Mt. Hawley filed its opening brief in support of its motion for summary judgment on May 30, 2024.  ECF No. 76.  Nationwide now makes its own motion for summary judgment and opposes Mt. Hawley's motion in this consolidated brief.

## LEGAL ARGUMENT

## I.    SUMMARY JUDGMENT IS APPROPRIATE.

Rule 56 of the Federal Rules of Civil Procedure states that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of showing the absence of a disputed issue of material fact, and the burden then shifts to the non-moving party to present specific evidence that demonstrates the existence of a genuine issue for trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Baez v. JetBlue Airways Corp., 793 F.3d 269, 273 (2d Cir. 2015).  It is well-established that the interpretation of an insurance policy is a legal question for the Court, appropriate for resolution through dispositive

motion.  <u>Admiral Indem. Co. v. Travelers Cas. & Sur. Co. of Am.</u>, 881 F.Supp.2d 570, 575 (S.D.N.Y. 2012).

As discussed further below, based on the undisputed facts and straightforward application of New York law, Nationwide is entitled to summary judgment and, therefore, respectfully requests that the Court and enter an order declaring that Mt. Hawley owes coverage to Beach Cruiser and Flyway for the Underlying Action and any other claims arising out of the Accident.

## II.    NEW YORK INSURANCE LAW SECTION 3105 PROHIBITS MT. HAWLEY FROM AVOIDING ITS COVERAGE OBLIGATIONS TO BEACH CRUISER AND FLYWAY.

New York Insurance Law section 3105 applies to Mt. Hawley's denial of coverage, and prohibits Mt. Hawley from denying coverage based on the supposed misrepresentation made by Beach Cruiser.  Section 3105(b)(1) states that "[n]o misrepresentation shall avoid any contract of insurance *or defeat recovery thereunder* unless such misrepresentation was material."  N.Y. Ins. Law § 3015(b)(1) (emphasis added).  The statute further provides that "[n]o misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract."  N.Y. Ins. Law § 3015(b)(1).

Thus, by its plain terms, the statute applies to claims by an insurer that the policy is rescinded *ab initio*, and to any other attempt by an insurer to avoid coverage based on misrepresentations.  To do either—that is, to rescind the policy or to otherwise deny coverage based on misrepresentations—the insurer must meet its burden of showing that the misrepresentations were material, meaning "the insurer would not have issued the policy had it known the facts misrepresented."  <u>Joseph v. Interboro Ins. Co.</u>, 42 N.Y.S.3d 316, 319 (N.Y. App. Div. 2016) (quoting <u>Interboro Ins. Co. v. Fatmir</u>, 933 N.Y.S.2d 343, 345 (N.Y. App. Div. 2011); <u>see also</u> N.Y. Ins. Law § 3105(b)(1); <u>Ambac Assurance Corp. v. Countrywide Home Loans, Inc.</u>,

56 N.Y.S.3d 21, 26 (N.Y. App. Div. 2017); <u>MBIA Ins. Corp. v. Countrywide Home Loans, Inc.</u>, 963 N.Y.S.2d 21, 22 (N.Y. App. Div. 2013).

Tellingly, Mt. Hawley has abandoned its initial claim of rescission, which formed the primary basis of its denial of coverage and which was asserted as the first cause of action in its Amended Complaint.  Rather, Mt. Hawley has confined its basis for denial to the Policy's Amended Condition Endorsement.  Pb. at 11–13.  The Amended Conditions Endorsement states that "[t]here is no coverage under this policy, this insurance shall not apply, and we shall have no duty to defend or indemnify any insured . . . if, at any time and regardless of intent, you or any other insured provide incorrect, false, inaccurate or incomplete information in the Application for this policy."  Beer Decl., Ex. E at 74.  In a transparent attempt to avoid the strictures of Insurance Law section 3105, Mt. Hawley's short legal argument does not discuss section 3105 at all, instead insisting that because Beach Cruiser supplied incorrect information on the application, Mt. Hawley can deny coverage under the Amended Conditions Endorsement.

The trouble for Mt. Hawley is that Insurance Law section 3105 clearly applies to Mt. Hawley's denial of coverage under the Amended Conditions Endorsement, because the denial is an attempt by Mt. Hawley to "defeat recovery" under the Mt. Hawley Policy.  <u>See</u> <u>Ambac</u> <u>Assurance Corp.</u>, 56 N.Y.S.3d at 26 (explaining that Insurance Law section 3105 applies both to claims for rescission and other efforts to "defeat recovery" under an insurance contract); <u>MBIA</u> <u>Ins. Corp.</u>, 963 N.Y.S.2d at 22 (same).  Thus, Mt. Hawley is wrong that it can deny coverage so long as Beach Cruiser supplied *any* incorrect or incomplete information; Mt. Hawley must be able to sustain its burden to show that the incorrect information was *material*.

Moreover, Mt. Hawley cannot satisfy its burden to show a misrepresentation occurred in the first instance.  Nationwide anticipates that Beach Cruiser will argue that the insurance

application was accurate, and that the application used by Mt. Hawley's agent was ambiguous. See Beer Decl., Ex. W.  Indeed, the application applied to Beach Cruiser's portfolio of approximately 30 properties, the vast majority of which *were not* used as daily rentals.  Id. at ¶ 7. To avoid repetition, Nationwide incorporates and adopts Beach Cruiser's arguments in opposition to Mt. Hawley's motion.

At a minimum, Mt. Hawley's failure to even attempt to satisfy its burden under Insurance Law section 3105 necessitates a denial of Mt. Hawley's motion for summary judgment.  Mt. Hawley's failure to make a *prima facie* showing that that it is entitled to judgment as a matter of law cannot be corrected in its reply.  Vega v. Restani Constr. Corp., 965 N.E.2d 240, 242 (N.Y. 2012) ("The moving party's '[f]ailure to make [a] prima facie showing [of entitlement to summary judgment] requires a denial of the motion, regardless of the sufficiency of the opposing papers.'") (quoting Alvarez v. Prospect Hosp., 501 N.E.2d 572, 574 (N.Y. 1986)).

Further, as discussed in the subsequent section, Mt. Hawley is plainly unable to meet its burden as a matter of law, and therefore Nationwide's motion for summary judgment should be granted.

## III.   MT. HAWLEY CANNOT SUSTAIN ITS BURDEN FOR RESCINDING OR DEFEATING RECOVERY UNDER INSURANCE LAW SECTION 3105.

Even if Mt. Hawley had properly addressed the requirements of Insurance Law section 3105 in its arguments, application of the clear and uncontroverted facts in this case demonstrate that Mt. Hawley is unable to meet its evidentiary burden to "defeat recovery" under the Mt. Hawley Policy as a matter of law.  Indeed, while the case law considering the requirements of section 3105 is generally in the context of an insurance company seeking to rescind a policy, as noted above the requirements of section 3105 are equally applicable to Mt. Hawley's attempt to "defeat recovery" through a denial based on an alleged misrepresentation.

As relevant here, to comply with Insurance Law 3105, an insurer must show i) that a misrepresentation occurred, ii) that the misrepresentation was material, iii) that the insurer did not ratify the policy or otherwise waive its right to defeat coverage under the policy, and iv) that the insurer acted promptly in seeking to defeat coverage under the policy. Mt. Hawley can show none of these requirements, and therefore Nationwide—not Mt. Hawley—is entitled to summary judgment.

### A.    Mt. Hawley Cannot Show That Any Alleged Misrepresentations Were Material.

As discussed in the preceding section, Mt. Hawley cannot show that a misrepresentation occurred in the first instance because the application it relied upon was ambiguous, and because the information provided by Beach Cruiser was accurate given the circumstances. Regardless, Mt. Hawley cannot show that the supposed misrepresentation concerning the use of the Property was "material" under New York law, and Mt. Hawley has waived any right to defeat coverage based on the alleged misrepresentation.

Under Insurance Law section 3105, an insurer seeking to defeat coverage based on a misrepresentation must demonstrate that, "the insurer would not have issued the policy had it known the facts misrepresented." Barkan v. N.Y. Sch. Ins. Reciprocal, 886 N.Y.S.2d 414, 418 (N.Y. App. Div. 2009); see also Alexi Home Design, Inc. v. Union Mut. Fire Ins. Co., 203 N.Y.S.3d 57, 59 (N.Y. App. Div. 2024); N.Y. Ins. Law § 3105(b)(1). "The burden is on the . . . insurance company to establish that it would have rejected the application if it had known the undisclosed material information." Alexi Home Design, Inc., 203 N.Y.S.3d at 59; see also First Fin. Ins. Co. v. Allstate Interior Demolition Corp., 193 F.3d 109, 119 (2d Cir. 1999); Feldman v. Friedman, 661 N.Y.S.2d 9, 9 (N.Y. App. Div. 1997); Sonkin Assocs., Inc. v. Columbian Mut. Life Ins. Co., 541 N.Y.S.2d 611, 611 (N.Y. App. Div. 1989).

"[T]o meet the burden of proof on materiality, an insurer must submit evidence of its underwriting practices with respect to similar applicants." First Fin. Ins. Co., 193 F.3d at 119; see also Alexi Home Design, Inc., 203 N.Y.S.3d at 59; Sonkin Assocs., 541 N.Y.S.2d at 611; Cutrone v. Am. Gen. Life Ins. Co., 606 N.Y.S.2d 491, 491 (N.Y. App. Div. 1993). "A court may not rely merely on statements by representatives of the insurer that it would not have issued the policy but for the representation." First Fin. Ins. Co., 193 F.3d at 119; see also Feldman, 661 N.Y.S.2d at 9. Materiality is ordinarily a factual question for resolution by a jury, but where the evidence concerning materiality is "clear and substantially uncontradicted," the matter "is one of law for the court to determine." Great Am. Ins. Co. v. Zelik, No. 19-cv-1805 (JSR), 2020 U.S. Dist. LEXIS 5229, at *8 (S.D.N.Y. Jan. 3, 2020); Vestal v. Pontillo, 124 N.Y.S.3d 441 (N.Y. App. Div. 2020).

Here, Mt. Hawley's misguided attempts to avoid its coverage obligations to Beach Cruiser (and, by extension, Flyway) fail at every step. Not only has Mt. Hawley failed to cite to *any* evidence in its moving brief's legal arguments for the proposition that that it would not have issued the policy "had it known the undisclosed facts," the facts revealed in discovery demonstrate the opposite.

Mt. Hawley was made aware of the use of the Property as a short term rental property through AirBnB and VRBO by February 2022, when Bass was informed of the use of the Property as a short-term rental property. Beer Decl., Ex. N. By its own admission, Mt. Hawley became aware of the use of the Property by August 16, 2022. Beer Decl., Ex. O. When subsequently faced with the question of whether to re-issue *the exact same policy* for *the exact same risk*, and having been made aware of the full extent of Beach Cruiser's use of the Property, Mt. Hawley issued the Renewal Policy regardless. In other words, Mt. Hawley issued the Renewal Policy to Beach Cruiser for the August 31, 2022 to August 31, 2023 policy period and accepted payment in

September 2022, well after learning the truth of the alleged misrepresentation cited in Mt. Hawley's November 2022 denial letter.  Beer Decl., Exs. N; O; R.

Under these facts, Mt. Hawley certainly cannot demonstrate that it "would not have issued the policy had it known the undisclosed facts." First Fin. Ins. Co., 193 F.3d at 119.  To the contrary, Mt. Hawley has demonstrated that it is perfectly content to issue the exact same policy and accept premium payments to cover the exact same risk, so long as it is not asked to pay a claim under the Policy.  No reasonable juror could find that the supposed misrepresentation was material to Mt. Hawley when Mt. Hawley renewed the Policy with full knowledge of the use of the Property.  Nor does New York Insurance Law 3105 permit Mt. Hawley to shirk its obligations under these circumstances.

## B.    Mt. Hawley Ratified The Policies, And Waived Any Right To Defeat Recovery Thereunder.

Mt. Hawley has waived the right to defeat coverage based on the supposed misrepresentation.  An insurer waives its right to defeat recovery based on a misrepresentation when, "after learning of an event allowing for cancellation of the policy, [it] continues to accept premiums from the insured.'" Alexi Home Design, Inc., 203 N.Y.S.3d at 60 (quoting 463 Saddle Up Tremont LLC v Union Mut. Fire Ins. Co., 2021 NY Slip Op 31948[U], *4 (N.Y. Sup. Ct. 2021), aff'd 166 N.Y.S.3d 520 (N.Y. App. Div. 2022)); see also GuideOne Specialty Mut. Ins. Co. v. Congregation Adas Yereim, 593 F.Supp.2d 471, 485 (E.D.N.Y. 2009) ("[W]here an insurer accepts premiums after learning of an event allowing for cancellation of the policy, the insurer has waived the right to cancel or rescind." (quoting Cont'l Ins. Co. v. Helmsley Enters., Inc., 622 N.Y.S.2d 20, 20 (N.Y. App. Div. 1995))); Scalia v. Equitable Life Assurance Soc'y of U.S., 673 N.Y.S.2d 730, 731 (N.Y. App. Div. 1998) ("It is well settled that the continued acceptance of premiums by the carrier after learning of facts which allow for rescission of the policy, constitutes

a waiver of, or more properly an estoppel against, the right to rescind."). "If, subsequent to the discovery of material misrepresentations, the party later claiming the right to rescind has continued to accept the benefits of the agreement or acted in some other fashion inconsistent with exercise of a right to rescind, that party will be deemed to have waived the misrepresentations and ratified the agreement." Cont'l Cas. Co. v. Marshall Granger & Co, LLP, 6 F.Supp.3d 380, 397 (S.D.N.Y. 2014) (internal alterations omitted); see also Banque Arabe, 850 F.Supp. at 1212.

To ratify a policy, an insurer need possess only "adequate" information "to put [it] on notice" of the acts warranting rescission prior to accepting premium or renewing the policy. Luria Bros. & Co., Inc. v. All. Assurance Co. Ltd., 780 F.2d 1082, 1091 (2d Cir. 1986); see also State of N.Y. v. AMRO Realty Corp., 936 F.2d 1420, 1431 (2d Cir. 1991). A showing of prejudice by an insured is not a prerequisite to finding that an insurer has, by its conduct, ratified the insurance policy. See, e.g., Sompo Japan Ins. Co. v. Norfolk S. Ry. Co., 762 F.3d 165, 191 n.36 (2d Cir. 2014).

As noted above, Mt. Hawley ratified the Policy by renewing it and accepting premium for the Renewal Policy even after it was admittedly fully aware of Beach Cruiser's use of the Property. This fact alone is sufficient to defeat Mt. Hawley's claim that it can deny coverage for the Accident. See, e.g., 463 Saddle Up Tremont LLC, 166 N.Y.S.3d at 520; Alexi Home Design, Inc., 203 N.Y.S.3d at 60.

Moreover, even after learning the truth of the alleged misrepresentation, Mt. Hawley conveniently declined to seek to rescind either the Prior Policy or the Renewal Policy, or to return the premium from those policies. Beer Decl., Exs. S; J at 48:18–49:17. Of course, by withdrawing its recission claim for the Mt. Hawley Policy, Mt. Hawley also conveniently seeks to retain the premium it collected for the Mt. Hawley Policy as well. In other words, despite the fact that Mt.

Hawley issued (and accepted payment for) the Mt. Hawley Policy, the Prior Policy, and the Renewal Policy based on the exact same alleged misrepresentation, the only policy that Mt. Hawley ever sought to rescind was the singular policy period under which a claim was made, and Mt. Hawley is no longer even attempting to rescind that policy.

New York law does not permit Mt. Hawley to seek to retain the benefits of the various insurance policies it issued, and yet still defeat recovery once it is called upon to fulfill its side of the bargain for one of those policies. See United States Liab. Ins. Co., 813 F.App'x at 639; Luria Bros. & Co., 780 F.2d at 1091; 1 New Appleman New York Insurance Law § 16.06 (2024) ("[A] finding of waiver would be appropriate if the insurance company were notified by the insured of a potential claim, but the company, despite having such knowledge, decided to wait until a claim was actually brought before rescinding.  Under those circumstances, the insurer's inaction manifests an intention on its part to refrain from rescinding the policy in the hope of being able to retain the premium without incurring liability.  The insurer, therefore, should be deemed to have intentionally relinquished its right to rescind."); see also GuideOne Specialty, 593 F.Supp.2d at 485 (acceptance of premium after learning of event allowing for cancellation or rescission constituted ratification); Cont'l Ins. Co., 622 N.Y.S.2d  20 (same); Scalia, 673 N.Y.S.2d at 731 (same); Zeldman v. Mut. Life Ins. Co., 53 N.Y.S.2d 792 (N.Y. App. Div. 1945) (same).

Accordingly, Nationwide is entitled to summary judgment and a declaration that Mt. Hawley cannot deny coverage for Beach Cruiser and Flyway based on the Amended Conditions Endorsement.

### C.    Mt. Hawley Cannot Show That It Acted Promptly.

Mt. Hawley's failure act promptly in seeking to defeat recovery under the three policies is an additional, independent reason that it cannot now defeat recovery under the policies.  Courts have indicated that in order to comply with Insurance Law section 3015, an insurer "must act

promptly upon learning of the grounds for rescission . . . and must announce its rescission claim 'without unreasonable delay.'" United States Liab. Ins. Co. v. WW Trading Co., 813 F.App'x 636, 639 (2d Cir. 2020) (quoting Schenck v. State Line Tel. Co., 144 N.E. 592 (N.Y. 1924); see also Ballow Brasted O'Brien & Rusin P.C. v. Logan, 435 F.3d 235, 239–40 (2d Cir. 2006).

Proof that it acted promptly is an element of an insurer's *prima facie* claim that it complied with Insurance Law section 3105. United States Liab. Ins. Co., 813 F.App'x at 639. The requirement for promptness is a "stringent" one, which the party seeking rescission (or in this case, to "defeat recovery" under the policy) has the burden of proving. Ballow Brasted, 435 F.3d at 239. "Actual or constructive knowledge of the grounds for rescission places an insurer on notice to promptly seek rescission." United States Liab. Ins. Co., 813 F.App'x at 639. "Constructive knowledge exists where 'the circumstances were . . . adequate to put [a party] on notice' of a material misrepresentation." Id. (quoting Luria Bros. & Co., 780 F.2d at 1091).

Here, Mt. Hawley cannot show that it acted promptly. As noted above, Mt. Hawley (or its agent) was aware by February 2022 of Beach Cruiser's use of the Property. Beer Decl., Ex. N. By its own admission, Mt. Hawley discussed the use of the Property with Beach Cruiser directly in August 2022. Beer Decl., Ex. O.

Yet, even after learning of the facts of the alleged misrepresentation that would later be cited in Mt. Hawley's rescission letter, Mt. Hawley inexplicably failed to issue its rescission letter until November 2022, approximately nine months after Bass was informed the Property was used as a short term rental, and approximately three months after Mt. Hawley was informed of that fact by Beach Cruiser directly. Mt. Hawley undeniably had actual notice, or at the very least constructive notice, of the facts necessitating the issue of its denial letter without undue delay, and

Mt. Hawley inexplicably failed to do so. This failure is fatal to Mt. Hawley's claim that it can deny coverage under the Mt. Hawley Policy.

For this additional reason, Nationwide is entitled to summary judgment and a declaration that Mt. Hawley owes coverage to Beach Cruiser and Flyway.

## CONCLUSION

For the foregoing reasons, Nationwide respectfully requests that the Court deny Mt. Hawley's motion for summary judgment, grant Nationwide's motion for summary judgment, and enter an order declaring that Mt. Hawley owes coverage to Beach Cruiser and Flyway for the Underlying Action and any other claims arising out of the Accident.

Respectfully submitted,

**RIKER DANZIG LLP**
489 Fifth Avenue, 33rd Floor
New York, New York, 10017-6111
(212) 302-6574
jbeer@riker.com
Attorneys for Intervenor-Defendant,
Nationwide General Insurance Company

Date: July 8, 2023                    By: _/s/ Jeffrey A. Beer Jr._
                                          Jeffrey A. Beer Jr.

4890-7953-9405, v. 8

18