**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MT. HAWLEY INSURANCE COMPANY, | |
| Plaintiff, | CIVIL ACTION NO.:  1:22-cv-10354 |
| v. | |
| BEACH CRUISER, LLC and FLYWAY MANAGEMENT, LLC, | |
| Defendants, | |
| and | |
| NATIONWIDE GENERAL INSURANCE COMPANY, | |
| Intervenor Defendant. | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF NATIONWIDE GENERAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

RIKER DANZIG LLP
489 5th Ave, 33rd Floor
New York, NY 10017
 (973) 538-0800
jbeer@riker.com
Attorneys for Intervenor-Defendant,
Nationwide General Insurance Company

Of Counsel and On the Brief:
     Jeffrey A. Beer Jr.

On the Brief:
     Lucas D. Katzenmeier

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

LEGAL ARGUMENT............................................................................................3

I.    NEW YORK INSURANCE LAW SECTION 3105 APPLIES......................................3

    A.    Section 3105 Is Not Limited To Rescission Claims. ................................................3

    B.    Mt. Hawley Cannot Rely On The Amended Conditions Endorsement To Skirt The Requirements Of Section 3105. .........................................................6

    C.    The Amended Conditions Endorsement Violates Section 3105........................9

II.   INSURANCE LAW 3105 DOES NOT PERMIT MT. HAWLEY TO DENY COVERAGE TO DEFENDANTS..................................................................11

    A.    Mt. Hawley's Conduct Demonstrates That The Alleged Misrepresentation Was Not Material.......................................................................11

    B.    Mt. Hawley Did Not Act Promptly.................................................................14

CONCLUSION ..................................................................................................18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

<u>1303 Webster Ave. Realty Corp. v. Great Am. Surplus Lines Ins. Co.</u>,
467 N.Y.S.2d 47 (N.Y. App. Div. 1983) .............................................................6, 11

<u>5512 OEAAJB Corp. v. Hamilton Ins. Co.</u>,
138 N.Y.S.3d 555 (N.Y. App. Div. 2020) ...................................................12, 13, 14

<u>Ambac Assurance Corp. v. Countrywide Home Loans, Inc.</u>,
106 N.E.3d 1176 (N.Y. 2018).....................................................................................10

<u>Ambac Assurance Corp. v. Countrywide Home Loans, Inc.</u>,
56 N.Y.S.3d 21 (N.Y. App. Div. 2017) ...............................................................3, 6

<u>Bersani v. Gen. Acci. Fire & Life Assurance Corp.</u>,
330 N.E.2d 68 (1975)..........................................................................................6, 11

<u>Chicago Ins. Co. v. Halcond</u>,
49 F.Supp.2d 312 (S.D.N.Y. 1999) ............................................................................9

<u>Chicago Ins. Co. v. Kreitzer & Vogelman</u>,
265 F.Supp.2d 335 (S.D.N.Y. 2003).........................................................................15

<u>Cont'l Ins. Co. v. Helmsley Enters., Inc.</u>,
622 N.Y.S.2d 20 (N.Y. App. Div. 1995) ..................................................................15

<u>Coregis Ins. Co. v. Lewis, Johs, Avallone, Aviles & Kaufman, LLP</u>,
No. 01 CV 3844 (SJ), 2006 U.S. Dist. LEXIS 55326 (E.D.N.Y. July 28, 2006) ......................9

<u>Gluck v Executive Risk Indemnity, Inc.</u>,
680 F.Supp.2d 406 (E.D.N.Y 2010) ...............................................................4, 5, 6

<u>Great American Insurance Co. v. Zelik</u>,
19-cv-1805 (JSR), 2020 WL 85102 (S.D.N.Y. January 6, 2020).........................8, 9

<u>Koczwara v. Nationwide General Insurance Co.</u>,
20-CV-2579 (BCM), 2022 WL 1471121 (S.D.N.Y. May 10, 2022)....................7, 8

<u>Luria Brothers & Co., Inc. v. Alliance Assurance Co., Ltd.</u>,
780 F.2d 1082 (2d Cir. 1986)......................................................................................9

<u>MBIA Ins. Corp. v. Countrywide Home Loans, Inc.</u>,
963 N.Y.S.2d 21 (N.Y. App. Div. 2013) ..........................................................3, 5, 6

Mighty Midgets, Inc. v. Centennial Ins. Co.,
    47 N.Y.2d 12 (1979) ...........................................................................................18

Precision Auto Accessories, Inc. v. Utica First Ins. Co.,
    859 N.Y.S.2d 799 (N.Y. App. Div. 2008) .................................................................15

Principal Life Ins. Co. v. Locker Grp.,
    869 F.Supp.2d 359 (E.D.N.Y. 2012) ......................................................................15

Sabharwal v. Hyundai Marine & Fire Ins. Co., Ltd.,
    189 N.Y.S.3d 660 (N.Y. App. Div. 2023) ..................................................12, 13, 14

Syncora Guarantee Inc. v. Alinda Cap. Partners LLC,
    2017 NY Slip Op 30288(U) (N.Y. Sup. Ct. Feb. 14, 2017) ......................................3

Syncora Guarantee Inc. v. EMC Mortg. Corp.,
    874 F.Supp.2d 328 (S.D.N.Y. 2012)......................................................................3, 6

Those Certain Underwriters at Lloyds, London v. Gray,
    856 N.Y.S.2d 1 (N.Y. App. Div. 2007) ...................................................................16

Travelers Casualty & Surety Co. of America v. Gold, Scollar, Moshan, PLLC,
    14cv10106 (DF), 2018 WL 1508573 (S.D.N.Y. March 14, 2018)...........................8

United States Liab. Ins. Co. v. WW Trading Co.,
    813 F. App'x 636 (2d Cir. 2020) ...........................................................................15

United States Liab. Ins. Co. v. WW Trading Co.,
    No. 16-CV-3498 (CBA) (JO), 2018 U.S. Dist. LEXIS 222925 (E.D.N.Y. Sep.
    28, 2018) ...............................................................................................................17

United States Life Ins. Co. in the City of N.Y. v. Grunhut,
    920 N.Y.S.2d 659 (N.Y. App. Div. 2011) ...............................................................15

United States Life Ins. Co. in the City of N.Y. v. Menche,
    2013 NY Slip Op 30453(U) (N.Y. Sup. Ct. 2013) .................................................15

Vega v. Restani Constr. Corp.,
    965 N.E.2d 240 (N.Y. 2012)..................................................................................11

Waters v. N.Y. Prop. Ins. Underwriting Ass'n,
    862 N.Y.S.2d 812 (N.Y. Sup. Ct. 2005) ...............................................................8, 9

Wile v. James River Ins. Co.,
    No. 17-CV-1275S, 2022 U.S. Dist. LEXIS 19246 (W.D.N.Y. Feb. 2, 2022) ....................6, 11

**Statutes**

N.Y. Insurance Law § 3105 .........................................1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 18

## PRELIMINARY STATEMENT

Nationwide[1] submits this memorandum of law in further support of its motion for summary judgment against Mt. Hawley.  The predominate issue in this case is whether New York Insurance Law Section 3105 applies to Mt. Hawley's denial of coverage to its insureds.  By its plain terms, the statute applies to an attempt by an insurer to "defeat recovery under" a policy based on misrepresentations, which is exactly what Mt. Hawley is attempting to do here.  In order to be able to deny coverage based on a misrepresentation, Section 3105 requires an insurer to show that the misrepresentation was material to it.

Mt. Hawley's arguments that Section 3105 is inapplicable evaporate on the slightest examination.  Courts have repeatedly held that the statute is not limited to where an insurer seeks to rescind the policy *ab initio*, as Mt. Hawley claims.  Rather, courts have found that Section 3105 also extends to denials of coverage based on policy terms that purport to defeat coverage based on misrepresentations.  Nor is there any merit to Mt. Hawley's argument that its "freedom of contract" permits it to rely on policy provisions that violate New York Insurance Law.

Critically, not one of the cases cited by Mt. Hawley supports Mt. Hawley's position.  In fact, none of the cases cited by Mt. Hawley (or any other cases of which Nationwide is aware) permit an insurer to do what Mt. Hawley is attempting to do here, which is deny coverage based on a misrepresentation without showing that the misrepresentation was material.

Having incorrectly mischaracterized the Mt. Hawley Policy as immune from the requirements of Insurance Law Section 3105, Mt. Hawley makes a half-hearted attempt to show that Beach Cruiser's alleged misrepresentation was "material."  Unfortunately for Mt. Hawley, its

---

[1] Capitalized and abbreviated terms are used herein as in Nationwide's memorandum of law in support of its motion for summary judgment ("Nationwide's moving brief").

own actions definitively demonstrate otherwise. After admittedly becoming aware of Beach Cruiser's use of the Property as a short term rental, Mt. Hawley readily renewed the Policy, and collected additional premium from Beach Cruiser. This alone is dispositive of Mt. Hawley's claim that it can deny coverage, and is conclusive evidence that the supposed misrepresentation was not material to Mt. Hawley. Indeed, while attempting to deny coverage for this claim, Mt. Hawley is not attempting to rescind the three policies it issued to Beach Cruiser, and is not offering to return the premium it collected for those policies even though it will presumably seek to deny coverage for any claims made under the policies based on this same misrepresentation. New York law does not permit such gamesmanship. By collecting and retaining premium *after* becoming aware of Beach Cruiser's use of the Property, Mt. Hawley has waived any right to deny coverage based on the asserted misrepresentation.

Finally, Mt. Hawley cannot satisfy its "stringent" burden of showing that it acted "promptly" after becoming aware of the supposed misrepresentation. By its own admission, Mt. Hawley had all the information it needed by August 2022 (and in reality, it was aware of Beach Cruiser's use of the Property in February 2022), and yet Mt. Hawley did not deny coverage until more than three months later, in November 2022. Mt. Hawley has not (and cannot) explain why it needed so much time to deny coverage when the information on which it relies was provided to it, by the latest, in August 2022.

For the foregoing reasons, Nationwide respectfully requests that the Court deny Mt. Hawley's motion for summary judgment, grant Nationwide's motion for summary judgment, and enter an order declaring that New York Insurance Law section 3105 prohibits Mt. Hawley from avoiding its coverage obligations to Beach Cruiser in the Underlying Action based on application of the Amended Conditions Endorsement in the Mt. Hawley Policy.

# LEGAL ARGUMENT

As revealed by Mt. Hawley's opposition to Nationwide's summary judgment motion, this dispute between the insurance companies is confined to two issues, whether Insurance Law Section 3105 applies to Mt. Hawley's denial of coverage, and whether the Mt. Hawley Policy complies with Section 3105. The issues are addressed in turn.

## I.    NEW YORK INSURANCE LAW SECTION 3105 APPLIES.

As discussed at length in Nationwide's moving brief, New York Insurance Law Section 3105 applies to Mt. Hawley's denial of coverage, because it applies to instances where an insurer attempts to rescind a policy or "defeat recovery thereunder" based on alleged misrepresentations. Mt. Hawley incorrectly argues that New York Insurance Law Section 3105 is not applicable in this case because it withdrew its claim for rescission based on the alleged misrepresentation, and merely seeks to deny coverage under the Mt. Hawley Policy's Amended Conditions Endorsement, *based on the same misrepresentation*. Mt. Hawley is wrong. Because Mt. Hawley is seeking to "defeat recovery under" the Mt. Hawley Policy based on a misrepresentation, Section 3105 applies by its plain terms. See N.Y. Ins. Law § 3105(b)(1); MBIA Ins. Corp. v. Countrywide Home Loans, Inc., 963 N.Y.S.2d 21 (N.Y. App. Div. 2013); Syncora Guarantee Inc. v. EMC Mortg. Corp., 874 F.Supp.2d 328, 337 (S.D.N.Y. 2012); Ambac Assurance Corp. v. Countrywide Home Loans, Inc., 56 N.Y.S.3d 21, 26 (N.Y. App. Div. 2017); Syncora Guarantee Inc. v. Alinda Cap. Partners LLC, 2017 NY Slip Op 30288(U), ¶ 11 (N.Y. Sup. Ct. Feb. 14, 2017).

### A.    Section 3105 Is Not Limited To Rescission Claims.

Mt. Hawley wrongly states that Section 3105 is limited to rescission claims, and therefore—according to Mt. Hawley—it does not apply to denials of coverage based on policy provisions. But Mt. Hawley's argument is disproven by the terms of the statute. Furthermore, the cases cited by Mt. Hawley do not support its position.

In GuideOne Specialty Mut. Ins. Co. v. Congregation Adas Yereim, the insurer sought to rescind a policy *ab initio* based on misrepresentations made by an insured but was estopped from doing so because, as here, the insurer continued to accept premiums after learning of the misrepresentation, and unreasonably delayed in seeking to rescind the policy.  593 F.Supp.2d 471 (E.D.N.Y. 2009).  The insurer argued in the alternative that it should nevertheless be entitled *under Section 3105* to disclaim coverage for the claim *without rescinding the policy*, although the policy did not contain any provision permitting a claim denial based on misrepresentations.  Id. at 486. In other words, the insurer argued that Section 3105 created a right for an insurance company to deny a claim based on misrepresentations, a right that did not exist at common law.  The court disagreed, and, as explained in the block quote from that decision on which Mt. Hawley relies, indicated that the insurer had forfeited the "hatchet" of rescission, and was not endowed by Section 3105 with the "scalpel" of unilateral modification.  The decision was confined to whether Section 3105 created a right for the insurer, and has no bearing whatsoever on whether Section 3105 applies to denials of coverage based on misrepresentations.  Even more so, the decision does not support Mt. Hawley's baffling proposition that Insurance Law Section 3105 only applies to common law claims for rescission and, by extension, that insurance carriers are free to draft endorsements that violate the minimum requirements of the Insurance Law as they see fit.  Mt. Hawley Opp. Br. at 3–4.

Gluck v Executive Risk Indemnity, Inc., 680 F.Supp.2d 406 (E.D.N.Y 2010) is likewise inapposite.  There, the insured was a non-profit who failed to disclose an agreement reached between the non-profit and the IRS concerning its non-profit status, which agreement led to lawsuits by former board members.  In applying for the policy, however, the insured signed an application that specifically required disclosure of the agreement with the IRS, and in which the

insured agreed that coverage would not be owed for "any claim arising from any fact, circumstance, situation, transaction, event, act, error, or omission" that was required to be disclosed in the specific question of the application. Id. at 413–14. The insured sought to prevent the insurer's reliance on that agreement (which has nothing to do with misrepresentations) by invoking Insurance Law Section 3105 in its defense. Id. at 416.

The district court in Gluck acknowledged that Section 3105 "might be interpreted to apply both in rescission cases and in determining whether recovery under a particular contract is possible." Id. The court then determined that it did not apply to the agreed-upon exclusion for non-disclosed risks because "excluded claims are, by prior agreement, not part of the insurance contract." Id. at 416–17. Thus, contrary to Mt. Hawley's contentions, the court in Gluck did not determine that the materiality requirement of Section 3105 would *never* apply to denials of claims based on policy provisions, but only that it did not apply to the circumstances before it. In fact, the court noted the legislative history of Section 3105, wherein a distinction was made between denials based on "excluded causes of loss," to which the materiality requirement does not apply, and an attempt to deny coverage based on "certain facts . . . which might increase the risk of loss, although they do not cause [the loss]," in which case the materiality requirement does apply. Id. at 417–18. Accordingly, the decision in Gluck, as well as the legislative history it discussed, establish that Section 3105 applies to Mt. Hawley's Amended Conditions Endorsement, which attempts to permit denials of coverage based on the misrepresentation of "certain facts that might increase the risk of loss."

Other courts have likewise rejected Mt. Hawley's argument that Section 3105 applies only to recission claims. In MBIA Ins. Corp., a New York appellate court determined that Section 3105 applies to denials of claims based on misrepresentations, explaining that the phrase "defeating

recovery thereunder" as used in the statute must mean "something other than rescission." 963 N.Y.S.2d at 22. Notably, the insurer in that case sought to rely on <u>GuideOne</u> and <u>Gluck</u> just as Mt. Hawley does, but the appellate court was unpersuaded. <u>Id.</u>; <u>see also</u> <u>Syncora Guarantee Inc.</u>, 874 F.Supp.2d at 337 (citing <u>MBIA Insurance Corp.</u> favorably for the proposition that the requirements of Insurance Law Section 3105 apply outside of the context of common law rescission claims); <u>Ambac Assurance Corp.</u>, 56 N.Y.S.3d at 26 ("Cases applying Insurance Law § 3105 arise in the context of *either* a declaratory judgment action by an insurer seeking rescission of an insurance policy *or an insurer asserting a defense to an insured's claim for payment under the policy*" (emphasis added)); <u>Syncora Guarantee Inc.</u>, 2017 NY Slip Op 30288(U), ¶ 11 (describing a party's arguments, based on <u>GuideOne</u> and <u>Gluck</u>, that Insurance Law Section 3105 applied only in the context of common-law rescission claims as being "without merit").

Thus, contrary to Mt. Hawley's arguments on this motion, New York courts have widely found that—consistent with its plain terms—Insurance Law Section 3105 applies to any denial of a claim based on misrepresentations, not only to rescission.

### B. Mt. Hawley Cannot Rely On The Amended Conditions Endorsement To Skirt The Requirements Of Section 3105.

Mt. Hawley incorrectly argues that it is permitted to "contract around" the requirements of Section 3105. On the contrary, it is axiomatic that a contract of insurance issued in New York may not "violate the requirements" of the Insurance law. <u>Bersani v. Gen. Acci. Fire & Life Assurance Corp.</u>, 330 N.E.2d 68, 70 (1975) ("In all respects in which the provisions of an insurance policy violate the requirements or prohibitions of the Insurance Law, the policy is enforceable as if it conformed with such requirements or prohibitions"); <u>1303 Webster Ave. Realty Corp. v. Great Am. Surplus Lines Ins. Co.</u>, 467 N.Y.S.2d 47, 47 (N.Y. App. Div. 1983); <u>see also</u> <u>Wile v. James River Ins. Co.</u>, No. 17-CV-1275S, 2022 U.S. Dist. LEXIS 19246, at *19 (W.D.N.Y. Feb. 2, 2022)

(explaining that where an insurance policy violates the "requirements or prohibitions of the Insurance Law," then the policy must be "conform[ed]" to "meet the minimum requirements under state Insurance law").  Mt. Hawley is therefore wrong that "New York courts have expressly rejected" removing or modifying policy language that violates New York insurance regulations. Mt. Hawley is also wrong that its "freedom of contract" trumps the minimum requirements set forth in the Insurance Law for insurance policies issued in New York.

Here again, the cases cited by Mt. Hawley do not support Mt. Hawley's argument that it can deny coverage based on a policy provision that relies on misrepresentations, without complying with Section 3105.  As an example, Mt. Hawley cites to <u>Koczwara v. Nationwide General Insurance Co.</u>, 20-CV-2579 (BCM), 2022 WL 1471121 (S.D.N.Y. May 10, 2022), for the erroneous proposition that "Nationwide . . . should know that section 3105 does not preempt policy language."  Mt. Hawley Opp. Br. at 8.  In doing so, Mt. Hawley has misinterpreted the holding of the district court in <u>Koczwara</u> and, ironically, has highlighted the precise failings of the Amended Conditions Endorsement contained in the Mt. Hawley Policy.

To begin with, contrary to Mt. Hawley's suggestion, the court in <u>Koczwara</u> did not hold that an insurance policy's terms can contradict the requirements of the Insurance Law; in fact, the court in <u>Koczwara</u> did not even reach the issue of whether Nationwide could disclaim coverage based on the insured's misrepresentation, finding instead that the policy at issue did not provide coverage for the loss in the first instance.  <u>Id.</u> at *10–11, *16–17.  However, the case remains instructive.  There, the insured misrepresented an apartment building as containing three units when, in fact, it contained six, in violation of both the policy's terms and regulations promulgated by the New York City Department of Buildings.  In addition to arguing that the policy did not provide coverage for the loss, Nationwide also argued that it was permitted to deny coverage to

the insured based on the policy's "concealment or fraud" provision, which specified that the Policy did "not provide coverage for an insured who has 'intentionally misrepresented a *material* fact or circumstance *which would have caused us not to issue or renew this policy*.'" Id. at *6, 16–17 (emphasis added). Thus, the policy language relied on by Nationwide in Koczwara appropriately incorporates both Section 3105's materiality requirement *and* the statute's definition of materiality. See N.Y. Ins. Law § 3105(b)(1). Therefore, in erroneously arguing that insurers are permitted to draft policy language to trump the plain requirements of the Insurance Law, Mt. Hawley has ironically proffered a prime example of policy language that—unlike its policy provision—fully complies with Section 3105. By contrast, the Amended Conditions Endorsement incorporates neither requirement of Section 3105, and instead purports to allow Mt. Hawley to unilaterally disclaim coverage upon discovery of *any* misrepresentation, regardless of whether said misrepresentation was material. Beer Decl., Ex. E at 73.

Mt. Hawley's reliance on other cases is similarly misplaced because in *none* of them (nor in any other case of which Nationwide is aware) was an insurer permitted to deny coverage based on a non-material misrepresentation. In Travelers Casualty & Surety Co. of America v. Gold, Scollar, Moshan, PLLC, 14cv10106 (DF), 2018 WL 1508573 (S.D.N.Y. March 14, 2018), the Court found that rescission was warranted based on an insurer's unopposed motion because the insured had made a *material* misrepresentation, and did not reach the question of whether the policy's "misrepresentation condition," which *also* limited the exclusion to material misrepresentations, applied. Id. at *7 n.8.

In Waters v. N.Y. Prop. Ins. Underwriting Ass'n, 862 N.Y.S.2d 812, 812 (N.Y. Sup. Ct. 2005) and Great American Insurance Co. v. Zelik, 19-cv-1805 (JSR), 2020 WL 85102 (S.D.N.Y. January 6, 2020), the courts first considered whether the insurer was entitled to rescind by

8

determining whether the misrepresentation was material (in <u>Waters</u> it was, in <u>Zelik</u> it was not). The courts then considered policies exclusions that excluded certain risks (for unoccupied properties and for enumerated "business activities," respectively) and were not policy provisions that sought to permit denials based on non-material misrepresentation.

Similarly, the exclusions analyzed in the professional liability policy at issue in <u>Chicago Ins. Co. v. Halcond</u>, 49 F.Supp.2d 312 (S.D.N.Y. 1999) bore on whether the insured was properly licensed to perform the work insured for and whether the insured had provided adequate notice; the exclusions had nothing to do with whether the insured had made a misrepresentation. <u>Coregis Ins. Co. v. Lewis, Johs, Avallone, Aviles & Kaufman, LLP</u>, No. 01 CV 3844 (SJ), 2006 U.S. Dist. LEXIS 55326, at *33 (E.D.N.Y. July 28, 2006) likewise did not involve a misrepresentation; it involved an insured's failure to notify the insurer of a likely and expected claim under the policy pursuant to a "prior knowledge" exclusion. Nor does <u>Luria Brothers & Co., Inc. v. Alliance Assurance Co., Ltd.</u>, 780 F.2d 1082 (2d Cir. 1986) "fundamentally support" Mt. Hawley's position, as the issue before the court in that case did not involve the application of any exclusion bearing on the alleged misrepresentation at issue.

In other words, not one of Mt. Hawley's cited cases permits an insurer to disclaim coverage based on an immaterial misrepresentation, regardless of what is contained in the policy.[2]

### C.    The Amended Conditions Endorsement Violates Section 3105.

Mt. Hawley's Amended Conditions Endorsement violates the requirements of Section 3105 because it purports to permit Mt. Hawley to deny coverage based on *any* "incorrect, false,

---

[2] For whatever reason, Mt. Hawley also devotes a considerable portion of its opposition brief arguing that an insurer can disclaim coverage to an insured based on a policy's express terms and exclusions even when the insured made a misrepresentation. Of course, Nationwide does not disagree that an insurer can rely on the policy's express terms, *so long as those terms comply with New York Insurance Law*, which the Mt. Hawley Policy's Amended Conditions Endorsement does not.

inaccurate or incomplete information" in its application for the Mt. Hawley Policy, regardless of whether that "incorrect, false, inaccurate or incomplete information" was material to Mt. Hawley's decision to issue the policy. Mt. Hawley has not seriously contended otherwise. Indeed, Mt. Hawley's opposition brief itself identifies this as the core issue on these motions, stating that "if an insurer has policy language addressed to misrepresentations, it is entitled to apply that language in denying coverage for a specific claim based on the insured's misrepresentations," without complying with Section 3105. Mt. Hawley Opp. Br. at 3–4.

Consider the repercussions of accepting Mt. Hawley's argument. According to Mt. Hawley, it can rely on its Amended Conditions Endorsement to deny *any claim*, based on *any misrepresentation* in the underwriting of its policies, even though the misrepresentation is not material to Mt. Hawley's issuance of the policy, and/or is causally unrelated to the claim for which coverage is sought. An auto insurance application that wrongly states that a navy-colored car is black could lead to the denial of coverage under the related policy for any accident. Or, in this case, the technical misrepresentation of the amount Beach Cruiser charged to rent the Property by even a dollar could result in a total loss of coverage. Denials of coverage for technical misrepresentations that are not material to the claim are exactly what Section 3105 is designed to avoid. See Ambac Assurance Corp. v. Countrywide Home Loans, Inc., 106 N.E.3d 1176, 1183 (N.Y. 2018) ("[S]ection 3105 was intended to overrule prior case law which did not require a showing of materiality for an insurer to avoid its obligations under a policy based on the insured's misrepresentations . . . . Section 3105, intended to benefit the insured party, does not remove required elements for a showing of common-law fraudulent inducement under any 'insurer-only' exception.").

10

In light of the foregoing, Mt. Hawley is mistaken that it is entitled to flout the minimum requirements of Insurance Law Section 3105. Under these circumstances, the Amended Conditions Endorsement is unenforceable as written, and must be conformed so as to comply with the minimum requirements of the Insurance Law. Bersani, 330 N.E.2d at 70; 1303 Webster Ave. Realty Corp., 467 N.Y.S.2d at 47; Wile, 2022 U.S. Dist. LEXIS 19246, at *19. Thus, in order to disclaim coverage for Defendants based on Beach Cruiser's alleged misrepresentation, Mt. Hawley is required to establish that the asserted misrepresentation was material to its decision to issue the Mt. Hawley Policy. As explained further below, it cannot do so.

## II.    INSURANCE LAW 3105 DOES NOT PERMIT MT. HAWLEY TO DENY COVERAGE TO DEFENDANTS.

### A.    Mt. Hawley's Conduct Demonstrates That The Alleged Misrepresentation Was Not Material.

As an initial matter, Mt. Hawley's moving papers did not even attempt to satisfy Mt. Hawley's burden in establishing the materiality of Beach Cruiser's alleged misrepresentation. In light of that failure, Mt. Hawley has failed to make a *prima facie* showing that that it is entitled to judgment as a matter of law, which cannot be corrected in its opposition/reply brief. Vega v. Restani Constr. Corp., 965 N.E.2d 240, 242 (N.Y. 2012) ("The moving party's '[f]ailure to make [a] prima facie showing [of entitlement to summary judgment] requires a denial of the motion, regardless of the sufficiency of the opposing papers.'") (quoting Alvarez v. Prospect Hosp., 501 N.E.2d 572, 574 (N.Y. 1986)).

It is no surprise that Mt. Hawley cannot meet its burden to show materiality under Section 3105. Indeed, the primary basis for Mt. Hawley's denial, and the first cause of action in its complaint in this action, was rescission. Tellingly, Mt. Hawley withdrew its rescission claim, and now seeks to use the absence of that claim as a sword to support its denial of coverage.

In any event, Mt. Hawley's conduct after discovering the truth of the representations in Beach Cruiser's insurance application demonstrates that the "truth" was not material to Mt. Hawley's decision to issue the Mt. Hawley Policy. See Cases cited in Nationwide's moving brief at 11–14. In its opposition, Mt. Hawley argues that it has established the materiality of Beach Cruiser's alleged misrepresentation as a matter of law, based on Mt. Hawley's production of its underwriting guidelines. Unfortunately for Mt. Hawley, Insurance Law Section 3105(c) expressly permits examination of "the practice of the insurer which made such contract with respect to the acceptance or rejection of similar risks." Mt. Hawley's deponent self-servingly claims Mt. Hawley would not have issued the Policy had it known of the use of the Property, but Mt. Hawley's own actions prove otherwise.

Indeed, as discussed at length in Nationwide's moving brief, Mt. Hawley readily renewed the Policy *after* becoming aware of Beach Cruiser's use of the Property. New York courts have repeatedly determined that renewing the policy is conclusive proof that the asserted misrepresentation was not material to the insurer such that the insurer has waived any right to rescind or defeat coverage based on the misrepresentation. See, e.g., 5512 OEAAJB Corp. v. Hamilton Ins. Co., 138 N.Y.S.3d 555, 558 (N.Y. App. Div. 2020); Sabharwal v. Hyundai Marine & Fire Ins. Co., Ltd., 189 N.Y.S.3d 660, 664 (N.Y. App. Div. 2023).

By renewing the Policy, Mt. Hawley also continued to accept premium for the risk, thereby ratifying the Policy. As noted in Nationwide's moving brief, an insurer waives its right to defeat recovery based on a misrepresentation when, "after learning of an event allowing for cancellation of the policy, [it] continues to accept premiums from the insured.'" Alexi Home Design, Inc., 203 N.Y.S.3d at 60 (quoting 463 Saddle Up Tremont LLC v Union Mut. Fire Ins. Co., 2021 N.Y. Slip Op 31948[U], *4 (N.Y. Sup. Ct. 2021), aff'd 166 N.Y.S.3d 520 (N.Y. App. Div. 2022)); see also

Sabharwal, 189 N.Y.S.3d at 664 ("Plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that the defendant waived its right to assert the plaintiff's misrepresentations as a basis for rescinding the policy, since the defendant renewed the policy and accepted a premium payment after it discovered the misrepresentations."); GuideOne, 593 F.Supp.2d at 485 ("[W]here an insurer accepts premiums after learning of an event allowing for cancellation of the policy, the insurer has waived the right to cancel or rescind." (quoting Cont'l Ins. Co. v. Helmsley Enters., Inc., 622 N.Y.S.2d 20, 20 (N.Y. App. Div. 1995))); Cases cited in Nationwide's moving brief at 14–16.

In opposing Nationwide's contentions that Mt. Hawley has waived its right to disclaim coverage for Defendants in light of Mt. Hawley's ratification of the Mt. Hawley Policy via renewal and acceptance of premiums, Mt. Hawley once again seeks to impose a non-existent distinction between this case and those cases subject to Section 3105. Mt. Hawley Opp. Br. at 16–19. Mt. Hawley's arguments are unavailing because, as discussed above, the Mt. Hawley Policy is unquestionably subject to the requirements of the Insurance Law, including Section 3105.

Moreover, New York courts have recognized that an insurer's ratification of an insurance policy results in the waiver of both the insurer's right to rescind and to disclaim coverage on the basis of policy language. See 5512 OEAAJB Corp., 138 N.Y.S.3d at ("the record demonstrated, as a matter of law, that Hamilton waived its right to assert the plaintiff's misrepresentation as a basis for rescinding the policy *and disclaiming coverage* by renewing the policy and accepting further premiums after it discovered the misrepresentation." (emphasis added)).

Thus, because "renewing the policy and accepting further premiums after . . . discover[ing]" Beach Cruiser's alleged misrepresentation is precisely what Mt. Hawley has done

in this case, Mt. Hawley has ratified the Mt. Hawley Policy, and thereby established that the asserted misrepresentation was not material to it.  Id. at 558; Sabharwal, 189 N.Y.S.3d at 664.

The hypocrisy in Mt. Hawley's arguments is apparent from the fact that it sought to rescind only the policy period under which a claim had been submitted (leaving in place the remaining policies which had been paid for and for which no claim had been made) and particularly from its statement that, "[i]f Mt. Hawley's motion is granted, the 2021 policy still remains in effect for Beach Cruiser for any otherwise covered claims, existing or future."  Mt. Hawley Opp. Br. at 12. In actual fact, the only impact of granting Mt. Hawley's motion would be to permit Mt. Hawley to keep its policies in force (thereby retaining premiums received from Beach Cruiser), while also allowing Mt. Hawley to unilaterally deny all future claims under each policy issued to Beach Cruiser on the same basis Mt. Hawley has disclaimed here.  Mt. Hawley's argument that, "for purposes of the Amended Conditions Endorsement, the only relevant consideration is that the policy does not cover the accident at issue because Beach Cruiser misrepresented its use of the property" will necessarily be true of *any* claim that could be submitted under Beach Cruiser's policies insuring the Property.[3]

### B.        Mt. Hawley Did Not Act Promptly.

As established in Nationwide's moving brief, it is the burden of the insurer seeking to deny under Section 3105 to show that it acted "promptly," a stringent requirement that is part of the insurer's *prima facie* case.  Mt. Hawley does not deny that, if Section 3105 applies (and it does), it is Mt. Hawley's burden to show that it acted promptly in denying coverage.  Rather, Mt. Hawley

---

[3]  In footnote 7 of its brief, Mt. Hawley objects that it is not "seeking to defeat recovery under the three policies."  Mt. Hawley Opp. Br. at 19 n.7.  While Nationwide agrees the primary focus of this action is on Mt. Hawley's conduct with respect to the Mt. Hawley Policy, "defeating coverage" under all three is exactly what Mt. Hawley is attempting to do.  Condoning the application of the Amended Conditions Endorsement here effectively renders *all* of Beach Cruiser's policies worthless, while allowing Mt. Hawley to retain the premium for same, because Mt. Hawley could disclaim based on the Amended Conditions endorsement for literally any claim under the policies.

claims it acted promptly despite its delay of *at least* more than three months between learning of the use of Beach Cruiser's Property and its eventual disclaimer based on the alleged misrepresentation.

Contrary to Mt. Hawley's arguments on this point, New York courts have found an insurer did not act promptly where the "delay" between discovery of the misrepresentation and the insurer's eventual disclaimer or rescission was mere months.  See, e.g., United States Life Ins. Co. in the City of N.Y. v. Grunhut, 920 N.Y.S.2d 659, 660 (N.Y. App. Div. 2011) (3 months); Cont'l Ins. Co. v. Helmsley Enters., 622 N.Y.S.2d 20, 20 (N.Y. App. Div. 1995) ("several months"); United States Life Ins. Co. in the City of N.Y. v. Menche, 2013 NY Slip Op 30453(U), ¶ 9 (N.Y. Sup. Ct. 2013) (5 months).

In any event, the focus of the Court's inquiry on this question is not, as Mt. Hawley would frame it, on whether a specific threshold amount of time has passed between Mt. Hawley's discovery of the alleged misrepresentations and its eventual disclaimer, but rather whether Mt. Hawley acted "promptly" after learning of the grounds for its disclaimer.  United States Liab. Ins. Co. v. WW Trading Co., 813 F. App'x 636, 639 (2d Cir. 2020).  Each case specifically provides that the delay at issue in those cases was "reasonable" in light of the insurers' need for a "a reasonable investigation."  See Chicago Ins. Co. v. Kreitzer & Vogelman, 265 F.Supp.2d 335 (S.D.N.Y. 2003); see also Principal Life Ins. Co. v. Locker Grp., 869 F.Supp.2d 359, 367 (E.D.N.Y. 2012) (insurer "promptly interposed its objections . . . by notifying [insured] that [principal of insured] appeared to have made misrepresentations on the Application and seeking an explanation"); Precision Auto Accessories, Inc. v. Utica First Ins. Co., 859 N.Y.S.2d 799, 803 (N.Y. App. Div. 2008) (insurer's investigation delayed by insured's failure to cooperate).

None of these cases permit an insurer to "sit on its hands" for months after learning of the facts supporting its eventual rescission or disclaimer. See Those Certain Underwriters at Lloyds, London v. Gray, 856 N.Y.S.2d 1, 38 (N.Y. App. Div. 2007) (noting that under Insurance Law 3420 any delay in disclaimer where grounds for same are "readily apparent" is "unreasonable as a matter of law" and, even where such grounds are not "readily apparent," an insurer has "the obligation[] to investigate . . . promptly and diligently" beginning from when it "knew or should have known that grounds for the disclaimer existed").

Here, Mt. Hawley admits learning of Beach Cruiser's use of the Property in August 2022, and yet it did not disclaim or seek to rescind until November 2022. Mt. Hawley has not explained (because it cannot) what information was unavailable to it between August 2022 and November 2022. On the contrary, it is undisputed that the information upon which Mt. Hawley relies was the exact same information that it "discovered" in August 2022 (if not sooner). As such, Mt. Hawley neither timely investigated nor timely denied coverage, and therefore cannot meet its burden of showing that it acted promptly.

Furthermore, as noted in Nationwide's moving brief, Mt. Hawley's agent Bass Underwriters ("Bass") (who Mt. Hawley has acknowledged should be considered synonymous with Mt. Hawley for the purposes of this case, see Mt. Hawley Moving Brief, (ECF No. 76) at 4 n.3) was notified via email by February 2, 2022, that Beach Cruiser's business consisted of short-term rental properties when Beach Cruiser's agent contacted Bass specifically seeking coverage for a project involving "property short-term rentals" that were "much like" Beach Cruiser already had. Beer Decl., Ex. N at 2. Bass received that correspondence five months before the underlying claims at issue in this case arose in the first place. Id.

Mt. Hawley seeks to muddy the waters by arguing that the underwriter did not recall reading the email and, at his deposition, did not "suggest that he understood the email to be a representation regarding how Beach Cruiser operated" the Property.  Mt. Hawley Mv. Br. at 31.  But whether the underwriter remembered receiving the email and how he interpreted it in February 2024 are irrelevant to whether Mt. Hawley should have investigated the use of the Property in February 2022.  Indeed, whether he remembers reading the email or not, and regardless of how the underwriter reads it now, the fact remains that in February 2022, Bass (and by extension, Mt. Hawley) was notified via email that Beach Cruiser's operations involved the use of short-term rental properties, and the subject line of *that same email* identified the policy number of the Mt. Hawley Policy as one of the policies implicated.  Beer Decl., Ex. N.

At a minimum, there is a question of fact as to whether Mt. Hawley's agent (and therefore Mt. Hawley) acted reasonably in failing to investigate the use of Beach Cruiser's properties in response to Beach Cruiser disclosing its use of the Property in February 2022.  See United States Liab. Ins. Co. v. WW Trading Co., No. 16-CV-3498 (CBA) (JO), 2018 U.S. Dist. LEXIS 222925, at *28 (E.D.N.Y. Sep. 28, 2018) ("Courts impose a constructive-knowledge requirement on parties seeking rescission. . . .  After a reasonable period of time for investigation, the parties in a rescission action 'will be chargeable with knowledge of all the facts which [a reasonable] inquiry would disclose.'" (quoting Banque Arabe Et Internationale D'Investissement v. Md. Nat'l Bank, 850 F.Supp. 1199, 1211 (S.D.N.Y. 1994))).

Mt. Hawley's delay in issuing its disclaimer and/or seeking to rescind the Mt. Hawley Policy was not reasonable, and Mt. Hawley cannot rely on the alleged misrepresentation for this

additional reason.  Therefore, Nationwide's motion for summary judgment—not Mt. Hawley's—should be granted.[4]

### **CONCLUSION**

For the foregoing reasons, Nationwide respectfully requests that the Court deny Mt. Hawley's motion for summary judgment, grant Nationwide's motion for summary judgment, and enter an order declaring that New York Insurance Law Section 3105 prohibits Mt. Hawley from avoiding its coverage obligations to Beach Cruiser in the Underlying Action based on application of the Amended Conditions Endorsement in the Mt. Hawley Policy.

Respectfully submitted,

**RIKER DANZIG LLP**
489 Fifth Avenue, 33rd Floor
New York, New York, 10017-6111
Tel.: (973) 538-0800
jbeer@riker.com
Attorneys for Intervenor-Defendant,
Nationwide General Insurance Company

Date:  September 3, 2024          By:_____*/Jeffrey A. Beer Jr.*_____
                                         Jeffrey A. Beer Jr.

4869-3190-7040, v. 5

---

[4]  Equally unsupported is Mt. Hawley's frivolous claim that it is entitled to recovery of attorneys' fees as a result of Nationwide's intervention in this case, to *which Mt. Hawley consented.*  ECF No. 27.  The rule announced in Mighty Midgets, Inc. v. Centennial Ins. Co., 47 N.Y.2d 12 (1979) (cited by Mt. Hawley) is an exception to the "American Rule" that each party pays its own fees.  That exception is grounded in the insurance contract itself, the reasoning being that if an insurer sues its own insured, it should pay the defense of that insured in the coverage action if the insurer was wrong and coverage was owed.  Id. at 21–22.  Here, Nationwide does not insure Mt. Hawley, and Nationwide has asserted no affirmative claims against Mt. Hawley that it must defend.  On the contrary, Mt. Hawley will owe for Beach Cruiser and Flyway's fees if the Court agrees that Mt. Hawley owes coverage to them.